POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Movant Cameron Wyatt and Proposed Lead Counsel for the Class*

[Additional Counsel on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREY GREENE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZAC PRINCE, FLORI MARQUEZ, TONY LAURA, JENNIFER HILL and GEMINI TRADING, LLC,<br><br>Defendants. | Case No. 2:23-cv-01165-KM-LDW<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CAMERON WYATT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>Motion Date: June 5, 2023 |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ............................................................................................3

ARGUMENT ..................................................................................................................5

      A.    WYATT SHOULD BE APPOINTED LEAD PLAINTIFF .................5

           1.    Wyatt Are Willing to Serve as Class Representatives ................6

           2.    Wyatt Has the "Largest Financial Interest" ...............................6

           3.    Wyatt Otherwise Satisfies the Requirements of Rule 23
                of the Federal Rules of Civil Procedure......................................7

           4.    Wyatt Will Fairly and Adequately Represent the Interests
                of the Class and Is Not Subject to Unique Defenses ................10

      B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
           BE APPROVED.................................................................................11

CONCLUSION.............................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ...................................................................................................9

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994) .........................................................................................8

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006) ..................................................................................8, 9

*Fischler v. Amsouth Bancorp.*, No. 96-1567-CIV-T-17A,
    1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) ............................................7

*In re Lucent Techs. Sec. Litig.*,
    194 F.R.D. 137 (D.N.J. 2000) ...................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) ................................................................................11

*In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW),
    2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 6, 2007) ..............................................9

*Sklar v. Amarin Corp. PLC*, Nos. 13-cv-06663 (FLW) (TJB),
    2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014) ............................................7

**Statutes**

15 U.S.C. § 77z-1 ............................................................................................... *passim*

15 U.S.C. § 78u-4 ............................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 .............................................. *passim*

Securities Act of 1933 ....................................................................................................1

**Rules**

Fed. R. Civ. P. 23 ................................................................................................ *passim*

Movant Cameron Wyatt ("Wyatt") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Wyatt as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") who invested in a BlockFi, Inc. ("BlockFi" or the "Company") Interest Account ("BIA") between March 4, 2019 and November 28, 2022, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

## PRELIMINARY STATEMENT

The Complaint in the Action (Dkt. No. 1) alleges a significant fraud perpetrated on investors in BIAs during the Class Period. *See generally* Complaint.

---

[1] The complaint ("Complaint") in the above-captioned action (the "Action"), filed in this Court on February 28, 2023, alleges a class period that only includes persons or entities that invested in BIAs between March 4, 2019 and November 10, 2022, both dates inclusive. *See* Dkt. No. 1. On March 1, 2023, the complaint in the action styled *Elas v. Prince et al*, No. 1:23-cv-10472 (the "*Elas*" Action) was filed in the United States District Court for the District of Massachusetts alleging substantially the same wrongdoing as the Action against overlapping defendants, and with a larger class period including all persons that invested in BIAs between March 4, 2019 and November 28, 2022, inclusive. *See Elas* Action, Dkt. No. 1. Therefore, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *Elas* Action.

1

The ability of investors in BIAs to recover their losses arising from the alleged fraud rests upon the Court's appointment of the most qualified Lead Plaintiff and Lead Counsel pursuant to the procedure set forth in the PSLRA.  Wyatt is the best choice to serve as Lead Plaintiff.  His chosen counsel, Pomerantz, will devote the resources and expertise necessary to zealously prosecute this litigation, and is thus the best candidate to serve as Lead Counsel.

During the Class Period, Defendants allegedly defrauded investors, in violations of the Securities and Exchange Acts, by misrepresenting BlockFi's business and operations.  Investors in BIAs, including Wyatt, incurred significant losses resulting from the revelation of this fraud.  *See id.*

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).  Wyatt had $4,135,900 invested in BIAs during the Class Period.  *See* Declaration of Thomas H. Przybylowski in Support of Motion ("Przybylowski Decl."), Exhibit ("Ex.") A.  Accordingly, Wyatt believes that he has the largest financial interest in the relief sought in this Action within the meaning of the PSLRA.

Beyond his considerable financial interest, Wyatt also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute this Action on behalf of the Class, Wyatt has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the U.S. Based in New York, Pomerantz has offices in Chicago, Los Angeles, Paris, France, and London, England.

Accordingly, based on his significant financial interest, and otherwise satisfying the adequacy and typicality requirements of Rule 23, Wyatt respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving their selection of Lead Counsel.

## STATEMENT OF FACTS

As the Complaint alleges, this action arises out of the sale of unregistered securities by BlockFi, a New Jersey based company founded by Defendants Zac Prince ("Prince") and Flori Marquez ("Marquez"), and controlled by Prince, Marquez, Defendant Tony Laura ("Laura") and Jennifer Hill ("Hill"). The unregistered securities sold by Defendants Prince, Marquez, Laura, and Hill on

behalf of BlockFi were marketed and sold via a steady stream of misrepresentations and material omissions by Prince and Marquez over several years and through intermittent misrepresentations by Defendant Gemini Trading, LLC.

The truth about Prince and Marquez' misrepresentations about BlockFi was revealed beginning on November 11, 2022, when California's financial regulator revoked BlockFi's lending license for failure to comply with California loan underwriting standards concerning the creditworthiness of borrowers and their ability to repay loans. Thereafter, additional disclosures established the extent and materiality of Prince and Marquez' misrepresentations during the Class Period.

On November 10, 2022, BlockFi announced it would halt customer withdrawals and freeze account access. Thereafter Plaintiff and Class members have had no access to their investments. BlockFi made this redemption freeze announcement even more permanent and terrifying for customers when it filed for bankruptcy 18 days later on November 28, 2022, leaving customers and 100,000 creditors in the lurch, with liabilities and assets ranging from $1 billion to $10 billion.

Bankruptcy filings later revealed, *inter alia*, that one of causes of BlockFi's failure and the loss of investors' fund was that Alameda Research, an affiliate of the major cryptocurrency lender FTX, had defaulted on $680 million worth of loans to BlockFi. In its bankruptcy filing, BlockFi admitted that its lockdown of investor

accounts and bankruptcy was due to its undisclosed exposure to FTX, which had filed a bankruptcy petition on November 16, 2021.

## ARGUMENT

### A. WYATT SHOULD BE APPOINTED LEAD PLAINTIFF

Wyatt should be appointed Lead Plaintiff because, to the best of his counsel's knowledge, he has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. §§ 77z-1(a)(3)(B)(i)-(ii), 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I) and 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint Lead Plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as Lead Plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

As set forth below, Wyatt satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Wyatt Are Willing to Serve as Class Representatives

On February 28, 2023, counsel for the plaintiff in the Action caused a notice to be published over *Newsfile Corp.* pursuant to Sections 27(a)(3)(A)(i) and 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against the Defendants and advised investors in BIAs that they had until May 1, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff. *See* Przybylowski Decl., Ex. B.

Wyatt has filed the instant motion pursuant to the Notice and has attached a signed Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Przybylowski Decl., Ex. C. Accordingly, Wyatt satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Wyatt Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii),

78u-4(a)(3)(B)(iii).  Here, Wyatt had $4,135,900 invested in BIAs during the Class Period.  *See* Przybylowski Decl., Ex. A.  Because Wyatt possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Wyatt Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Sections 27(a)(3)(B)(iii)(I)(cc) and 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provide that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In determining that Lead Plaintiff satisfies the requirements of Rule 23, "[a] wide-ranging analysis under Rule 23 is not appropriate [at this stage of the litigation] and should be left for consideration of a motion for class certification."  *In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 149 (D.N.J. 2000) (quoting *Fischler v. Amsouth Bancorp.*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-*8 (M.D. Fla. Feb. 6, 1997)); *see also Sklar v. Amarin Corp. PLC*, Nos. 13-cv-06663 (FLW)

7

(TJB), 2014 U.S. Dist. LEXIS 103051, at *20 (D.N.J. July 29, 2014) ("only a preliminary showing of both typicality and adequacy is necessary"). Moreover, "[t]he Rule 23 inquiry focuses [only] on the 'typicality' and 'adequacy' requirements at this stage of the litigation." *Id.*

The typicality requirement of Rule 23(a)(3) is satisfied where "the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

Wyatt's claims are typical of those of the Class. Wyatt alleges, as do all Class members, that Defendants violated the Securities Act and the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning BlockFi, or omitted to state material facts necessary to make the statements they did make not misleading. Wyatt, as do all Class members, alleges damages based on Class Period investments in BIAs. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

8

"In making the *prima facie* determination of adequacy, a court should consider whether the movant 'has the ability and incentive to represent the claims of the class vigorously, [whether the movant] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW), 2007 U.S. Dist. LEXIS 66258, at *19 (D.N.J. Sept. 6, 2007) (quoting *Cendant*, 264 F.3d at 265); *see also Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Wyatt is an adequate representative for the Class. As set forth in greater detail below, Wyatt has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u 4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Wyatt's interests and the interests of the Class. Wyatt has submitted a signed Certification declaring his commitment to protecting the interests of the Class (*see* Przybylowski Decl., Ex. C), and Wyatt's significant financial interest in this litigation demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

Further demonstrating his adequacy, Wyatt has submitted a Declaration attesting to, *inter alia*, his background, investing experience, experience working with counsel, understanding of the responsibilities of Lead Plaintiffs pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Przybylowski Decl., Ex. D.

### 4. Wyatt Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Wyatt as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Wyatt to fairly and adequately represent the Class has been discussed above. Wyatt is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Wyatt should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel."). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Wyatt has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume. *See* Przybylowski Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.*

11

Wyatt's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Wyatt's selection of Pomerantz as Lead Counsel for the Class, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Wyatt respectfully requests that the Court issue an Order: (1) appointing Wyatt as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated: May 1, 2023

Respectfully submitted,

POMERANTZ LLP

*/s/ Thomas H. Przybylowski*
Thomas H. Przybylowski
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant Cameron Wyatt and Proposed Lead Counsel for the Class*

> BRONSTEIN, GEWIRTZ &
> GROSSMAN, LLC
> Peretz Bronstein
> (*pro hac vice* application forthcoming)
> 60 East 42nd Street, Suite 4600
> New York, New York 10165
> Telephone: (212) 697-6484
> Facsimile: (212) 697-7296
> peretz@bgandg.com
>
> *Additional Counsel for Movant*
> *Cameron Wyatt*