UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREY GREENE, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>ZAC PRINCE, FLORI MARQUEZ, TONY LAURA, JENNIFER HILL, and GEMINI TRADING, LLC,<br><br>Defendants. | Case No. 2:23-cv-01165 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ANTONIE ELAS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

953002.2

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................1

FACTUAL BACKGROUND ................................................................................................2

ARGUMENT

    I.    THE COURT SHOULD APPOINT ELAS AS LEAD PLAINTIFF ............................5

        a.  The Procedure Required by the PSLRA ................................................................5

        b.  Elas Has Timely Moved for Lead Plaintiff Appointment........................................6

        c.  Elas Has the Largest Financial Interest Among Qualified Movants in the Relief Sought by the Class ........................................................................................7

        d.  Elas Otherwise Satisfies Rule 23 ...........................................................................12

    II.   THE COURT SHOULD APPROVE ELAS' CHOICE OF COUNSEL ......................13

CONCLUSION....................................................................................................................14

953002.2

# TABLE OF AUTHORITIES

**Cases**

*BlockFi Inc. v. Greene, et al.*,
  Adv. Pro. No. 23-1071-MBK (D.N.J. Bankr.)..................................................................4

*Goines v. Celsius Network, LLC*,
  No. 22-cv-04560, 2023 WL 2945897 (D.N.J. Apr. 14, 2023).......................................12

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3rd Cir. 2001).................................................................................12, 13

*Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*,
  No. 15-cv-7448, 2016 WL 3032684 (D.N.J. May 26, 2016).......................................12

**Statutes**

15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i) ..............................................................................5

15 U.S.C. § 78u-4(a)(3)(A) & (B) ..............................................................................5, 6, 7

15 U.S.C. § 78u-4(a)(3)(A)(i) .............................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ...............................................................................12

15 U.S.C. § 78u-4(a)(3)(B)(v) ...........................................................................................13

15 U.S.C. § 77z-1(a)(1) & (a)(3)(B)(i) ................................................................................5

15 U.S.C. § 77z-1(a)(3)(A) & (B).................................................................................5, 6, 7

15 U.S.C. § 77z-1(a)(3)(A)(i). ............................................................................................5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) ...............................................................................12

15 U.S.C. § 77z-1(a)(3)(B)(v)............................................................................................13

Securities Act of 1933 § 12(a)(2)....................................................................................1, 3

Securities Act of 1933 § 15..................................................................................................1

Securities Exchange Act of 1934 § 10(b) ...........................................................................1

Securities Exchange Act of 1934 § 20................................................................................1

Private Securities Litigation Reform Act of 1995 ...............................................1, 5, 6, 7

Fed. R. Civ. P. 23(a)(3)......................................................................................................12

Fed. R. Civ. P. 23(a)(4)......................................................................................................12

Fed. R. Civ. P. 65................................................................................................................4

Fed. R. Bankr. P. 7065 .......................................................................................................4

N.J.S.A. 49:3-60.................................................................................................................1

953002.2

N.J.S.A. 56:8-1..................................................................................................................1

Rule 10b-5........................................................................................................................1

953002.2

## INTRODUCTION

Antonie Elas ("Elas") hereby moves before this Court for an order: (1) appointing him as Lead Plaintiff; (2) approving of his selection of Lockridge Grindal Nauen P.L.L.P. and Gustafson Gluek PLLC to serve as Lead Counsel; and (3) providing any additional relief that the Court may deem just and proper.

Before this Court is a securities class action brought by Trey Greene ("Greene") on behalf of a class of investors consisting of all individuals and entities who, between March 4, 2019, through and including November 28, 2022 (the "Class Period"), invested in BlockFi Interest Accounts ("BIAs"). Greene filed a Class Action Complaint and Demand for Jury Trial (ECF No. 1) on February 28, 2023. Elas filed a similar class action in the District of Massachusetts.[1] Both the *Elas* case and the case in front of this Court allege that Defendants, who are or were officers and/or directors of BlockFi, Inc. ("BlockFi") and its affiliates, made false and misleading statements to promote BIAs, including that BIAs were a secure method of collecting interest. The lawsuits do not bring claims against BlockFi or its affiliates. The *Greene* lawsuit in front of this Court alleges that Defendants violated Sections 5, 12(1) and 15(a) of the Securities Act of 1933, Sections 12(a)(2) and 15 of the Securities Act of 1933, Sections 10(b) and 20 of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, the New Jersey Uniform Securities Law, N.J.S.A. § 49:3-60, and the Consumer Fraud Act, N.J.S.A §§ 56:8-1 et seq.

Elas moves on the grounds that he is the most adequate plaintiff as defined by the Private Securities Litigation Reform Act of 1995 ("PSLRA") because he believes he possesses the largest financial interest amongst qualified movants in the relief sought by the class, having invested $425,000.00 on transactions in his BIA account. As the Massachusetts *Elas* lawsuit alleges, at the

---

[1] *Elas v. Prince et al.,* Case No. 1:12-cv-10472-IT (D. Mass.).

953002.2

time BlockFi halted withdrawals from BIAs, Elas' account holdings were valued at $466,454.44. Elas' claims are also typical of the claims of the putative class, and he will fairly and adequately represent the interests of the class. Elas, therefore, is the presumptive Lead Plaintiff. Moreover, Elas has selected experienced counsel well-versed in securities and other complex class litigation.

Accordingly, the Court should appoint Elas as Lead Plaintiff and approve of his selection of Lockridge Grindal Nauen P.L.L.P. and Gustafson Gluek PLLC as Lead Counsel.

## FACTUAL BACKGROUND

BlockFi was founded in 2017 by Defendants Zac Prince and Flori Marquez and marketed itself as a "bank" to take deposits and act as an intermediary as if it were a commercial bank regulated by Federal and State law. It stated that it would provide "credit" to others in the crypto market and, as such, described itself as a bank, indicating it would be prudent with the use of its depositors' money and have adequate reserves. However, from the outset, BlockFi did not conduct its activities as a bank would: it lacked adequate reserves and lent its depositors' money out imprudently and without proper due diligence into the creditworthiness of its creditors or with a credit officer responsible for assuring the continued creditworthiness and safety of the loans made. Moreover, BlockFi did not secure its debts with adequate collateral.

The Class Period begins on March 4, 2019, when BlockFi began to publicize and offer BIAs to the public with acceptance into BIA interest deposits of U.S. Dollars and/or cryptocurrency. The BIAs offered to pay compound interest, on a month-to-month basis, of 6%-8% at a time when the typical interest rate on a savings or checking account in a U.S. bank was much lower. Among other things, BlockFi held out to the public that it took an aggressive stance toward risk management.

953002.2

Defendants are (or were) officers and directors of BlockFi and are liable in those capacities. These individuals reinforced the falsehoods. For example, during a May 2021 appearance on the podcast *Modern Finance*, Defendant Prince stated that "[w]e are in the business of risk management at BlockFi," and that "[i]n order for any discrete customer at BlockFi to lose money, BlockFi would have to lose all of our money first." Prince added: "BlockFi's equity is its insurance." As another example, on November 8, 2022, Defendant Marquez misleadingly tweeted that "1) all @BlockFi products are fully operation. 2) @BlockFi . . . ha[s] a $400MM line of credit from FTX.US . . . and will remain an independent entity until at least July 2023. 3) We are processing all client withdrawals in line with our Terms of Service." Just three days later, BlockFi advised its customers that they could not withdraw their deposits because BlockFi had "significant exposure" to FTX, including funds BlockFi had hoped to draw on under its agreement with FTX and other assets held on the FTX platform.

The BIAs were securities and BlockFi offered and sold them as investment contracts without registering these securities with the U.S. Securities and Exchange Commission (the "SEC") for sale to customers. BlockFi offered and sold these securities without a registration statement filed or in effect with the SEC, nor did the offer and sale of BIAs qualify for an exemption from registration under the Securities Act of 1933.

In 2021, the SEC (as well as various state agencies) opened an investigation that ultimately concluded that BlockFi had violated the Securities Act of 1933, and in February 2022, BlockFi settled with the SEC for $100 million over the BIAs. Although as part of the settlement with the SEC, BlockFi had promised to cease offering the BIAs to new investors in the U.S. and cease accepting further investments or funds in the BIAs by current U.S. investors, BlockFi violated its

3

promises by continuing on a monthly basis to operate the BIA accounts and continued to do so until its bankruptcy.

Between March 2022 and June 2022, BlockFi's valuation sank by two-thirds to $1 billion. By the end of June 2022, BlockFi reported it held $1.8 billion in open loans at $600 million of exposure. Then, during the summer of 2022, several of BlockFi's major debtors filed for bankruptcy, including Three Arrows, Voyager Digital, and Celsius Network. On September 8, 2022, it was announced that three BlockFi executives had resigned.

Before its fall in November 2022, BlockFi generated the interest paid out to the BIA investors by deploying assets in various ways, including loans of cryptocurrency to institutional and corporate borrowers, and by investing in equities and futures. The BIA investors were permitted, at any time until November 2022, to withdraw the equivalent of crypto assets held in their BIAs, with some limitations, and could borrow money in U.S. Dollars against the amount of crypto assets deposited in BIAs. On November 28, 2022, BlockFi filed for protection under Chapter 11 of the U.S. Bankruptcy Code and filed a voluntary petition for relief in the U.S. Bankruptcy Court for the District of New Jersey.

The lead plaintiff deadline for this case, and the *Elas* case, is May 1, 2023. Shortly after the *Greene* and *Elas* actions were filed, BlockFi and its affiliates in bankruptcy (the "Debtors") filed an adversary action seeking to stay the securities lawsuits. *See BlockFi Inc. v. Greene, et al.*, Adv. Pro. No. 23-1071-MBK (D.N.J. Bankr.).

On March 23, 2023, the Bankruptcy Court entered a temporary restraining order, pursuant to Fed. R. Civ. P. 65 and Fed. R. Bankr. P. 7065, temporarily enjoining further litigation of the *Greene* and *Elas* matters. *See* ECF No. 5. On April 6, 2023, the Bankruptcy Court entered an Agreed Stipulation and Order prohibiting the further prosecution of the *Greene* and *Elas* matters

"except for the initial filing of the lead plaintiff/lead counsel motions provided for in the PSLRA . . . ." ECF No. 6 at ¶ 3. Specifically, the Bankruptcy Court ordered that "potential lead plaintiffs [may] file motions for appointment of lead plaintiffs in the" *Greene* and *Elas* matters, but that "[a]ll other actions and proceedings in or regarding [those] Actions (including any responses to motions for appointment of lead plaintiffs, or any motions for consolidation or transfer) remain enjoined and stayed . . . ." *Id.* at ¶ 5.[2]

## ARGUMENT

### I. THE COURT SHOULD APPOINT ELAS AS LEAD PLAINTIFF.

#### a. The Procedure Required by the PSLRA

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934 and the Securities Act of 1933] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of the filing of the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-1(a)(3)(A)(i). Within sixty (60) days after publication of the notice (*i.e.*, today, May 1, 2023), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, regardless of whether they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B); 15 U.S.C. § 77z-1(a)(3)(A) & (B) ("the court shall consider any motion made by a purported class

---

[2] Elas therefore expressly reserves the right to, but does not presently, seek consolidation and/or transfer of the *Elas* action with the present action. Pursuant to the Bankruptcy Court's Order, Elas and any other lead plaintiff movants may not file opposition or reply briefs in further support of this motion until the bankruptcy stay is lifted. *See* ECF No. 6 at ¶ 5.

member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints").

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion a class member makes and shall appoint as lead plaintiff the members of the class the Court determines to be the most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is "the person or group of persons that (a) has either filed the complaint or made a motion in response to a notice . . .; (b) in the determination of the court, has the largest financial interest in the relief sought by the class; and (c) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii).

### b. Elas Has Timely Moved for Lead Plaintiff Appointment.

Under the PSLRA, any class member may move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A); 15 U.S.C. § 77z-1(a)(3)(A). On February 28, 2023, the present action was filed, which alleges a class period of March 4, 2019 to November 28, 2022. On March 1, 2023, a notice was published alerting investors that the deadline to seek lead plaintiff status in this action is May 1, 2023. *See* Teti Decl.,[3] Ex. A. On March 1, 2023, the *Elas* lawsuit was filed in the U.S. District Court for the District of Massachusetts, and notice was published the same day alerting investors that the deadline to seek lead plaintiff status in that action is also May

---

[3] References to the "Teti Decl." are to the Declaration of Stephen J. Teti, filed contemporaneously herewith.

6

953002.2

1, 2023. *See* Teti Decl., Ex. B. Pursuant to the provisions of the PSLRA and within the required time frame after publication of those notices, Elas timely moves to be appointed as Lead Plaintiff on behalf of all members of the class. Elas also moves to be appointed in the *Elas* matter.[4] Elas has signed a certification pursuant to the PSLRA. *See* Teti Decl., Ex. C. Elas has selected and retained qualified counsel to represent himself and the proposed class. *See* Teti Decl., Exs. D and E.

      c. **Elas Has the Largest Financial Interest Among Qualified Movants in the Relief Sought by the Class.**

In this case, the financial relief sought is based on losses sustained by Class members' purchases of BIA securities. At this early stage of the litigation, each plaintiff's transaction volume provides an estimate for purposes of determining the movant with the largest financial interest. Elas' PSLRA certification details his transactions. *See* Teti Decl., Ex. C. At the time of this filing, Elas believes he possesses the largest financial interest of the qualified movants seeking lead plaintiff status, having purchased an estimated $425,000.00 worth of the BIAs via various cryptocurrencies and U.S. dollars. Moreover, at the time BlockFi halted withdrawals from the BIAs, Elas' account holdings were valued at $466,454.44. Elas' purchases are as follows:

| Cryptocurrency | Amount | Transaction Type | Confirmed At |
| --- | --- | --- | --- |
| BUSD | 268.1070542 | Interest Payment | 10/31/2022 23:59 |
| USDC | 268.5046636 | Interest Payment | 10/31/2022 23:59 |
| GUSD | 1302.804107 | Interest Payment | 10/31/2022 23:59 |
| DAI | 195.5362625 | Interest Payment | 10/31/2022 23:59 |
| PAX | 325.759837 | Interest Payment | 10/31/2022 23:59 |
| USDC | 258.6017091 | Interest Payment | 9/30/2022 23:59 |
| PAX | 313.7452047 | Interest Payment | 9/30/2022 23:59 |
| BUSD | 258.2187642 | Interest Payment | 9/30/2022 23:59 |
| DAI | 188.6196084 | Interest Payment | 9/30/2022 23:59 |
| GUSD | 1254.754253 | Interest Payment | 9/30/2022 23:59 |

---

[4] As noted above, Elas expressly reserves the right to, but does not presently, seek consolidation and/or transfer of the *Elas* action with the above-captioned action.

953002.2

| | | | |
|---|---|---|---|
| PAX | 322.6029765 | Interest Payment | 8/31/2022 23:59 |
| DAI | 194.2587794 | Interest Payment | 8/31/2022 23:59 |
| GUSD | 1290.178945 | Interest Payment | 8/31/2022 23:59 |
| BUSD | 265.508893 | Interest Payment | 8/31/2022 23:59 |
| USDC | 265.9026494 | Interest Payment | 8/31/2022 23:59 |
| DAI | 193.6127856 | Interest Payment | 7/31/2022 23:59 |
| PAX | 321.0104755 | Interest Payment | 7/31/2022 23:59 |
| USDC | 264.5900443 | Interest Payment | 7/31/2022 23:59 |
| BUSD | 264.1982316 | Interest Payment | 7/31/2022 23:59 |
| GUSD | 1283.81009 | Interest Payment | 7/31/2022 23:59 |
| GUSD | 1048.061007 | Interest Payment | 6/30/2022 23:59 |
| PAX | 271.3175589 | Interest Payment | 6/30/2022 23:59 |
| BUSD | 225.4839945 | Interest Payment | 6/30/2022 23:59 |
| USDC | 225.8000913 | Interest Payment | 6/30/2022 23:59 |
| DAI | 186.7641702 | Interest Payment | 6/30/2022 23:59 |
| BUSD | 232.0366514 | Interest Payment | 5/31/2022 23:59 |
| GUSD | 1078.518089 | Interest Payment | 5/31/2022 23:59 |
| USDC | 232.3619344 | Interest Payment | 5/31/2022 23:59 |
| DAI | 230.8331136 | Interest Payment | 5/31/2022 23:59 |
| PAX | 279.2021581 | Interest Payment | 5/31/2022 23:59 |
| BUSD | 248.1298509 | Interest Payment | 4/30/2022 23:59 |
| DAI | 246.74496 | Interest Payment | 4/30/2022 23:59 |
| PAX | 302.4024096 | Interest Payment | 4/30/2022 23:59 |
| USDC | 248.5041486 | Interest Payment | 4/30/2022 23:59 |
| GUSD | 1222.161865 | Interest Payment | 4/30/2022 23:59 |
| DAI | 286.7821882 | Interest Payment | 3/31/2022 23:59 |
| PAX | 353.2061406 | Interest Payment | 3/31/2022 23:59 |
| USDC | 288.8816781 | Interest Payment | 3/31/2022 23:59 |
| GUSD | 1450.885942 | Interest Payment | 3/31/2022 23:59 |
| BUSD | 288.4349756 | Interest Payment | 3/31/2022 23:59 |
| PAX | 348.4650963 | Interest Payment | 2/28/2022 23:59 |
| GUSD | 1436.342819 | Interest Payment | 2/28/2022 23:59 |
| USDC | 284.7150396 | Interest Payment | 2/28/2022 23:59 |
| BUSD | 284.272326 | Interest Payment | 2/28/2022 23:59 |
| DAI | 282.6342977 | Interest Payment | 2/28/2022 23:59 |
| PAX | 411.6445775 | Interest Payment | 1/31/2022 23:59 |
| BUSD | 338.8381267 | Interest Payment | 1/31/2022 23:59 |
| DAI | 336.9803004 | Interest Payment | 1/31/2022 23:59 |
| USDC | 339.3402454 | Interest Payment | 1/31/2022 23:59 |
| GUSD | 1193.674667 | Interest Payment | 1/31/2022 23:59 |
| GUSD | 12500 | Ach Deposit | 1/20/2022 0:23 |

| GUSD | 12500 | Ach Deposit | 1/20/2022 0:22 |
|---|---|---|---|
| GUSD | 12500 | Ach Deposit | 1/19/2022 1:31 |
| GUSD | 12500 | Ach Deposit | 1/19/2022 1:30 |
| GUSD | 12500 | Ach Deposit | 1/11/2022 19:08 |
| GUSD | 12500 | Ach Deposit | 1/11/2022 19:07 |
| GUSD | 12500 | Ach Deposit | 1/10/2022 18:30 |
| GUSD | 12500 | Ach Deposit | 1/10/2022 18:29 |
| GUSD | 12500 | Ach Deposit | 1/8/2022 7:28 |
| GUSD | 12500 | Ach Deposit | 1/8/2022 7:27 |
| GUSD | 12500 | Ach Deposit | 1/7/2022 9:36 |
| GUSD | 12500 | Ach Deposit | 1/7/2022 9:35 |
| GUSD | 12500 | Ach Deposit | 1/6/2022 6:43 |
| GUSD | 12500 | Ach Deposit | 1/6/2022 6:42 |
| GUSD | 12500 | Ach Deposit | 1/5/2022 1:19 |
| GUSD | 12500 | Ach Deposit | 1/5/2022 1:18 |
| DAI | 334.7849839 | Interest Payment | 12/31/2021 23:59 |
| USDC | 337.1295548 | Interest Payment | 12/31/2021 23:59 |
| GUSD | 334.7878251 | Interest Payment | 12/31/2021 23:59 |
| PAX | 408.9628478 | Interest Payment | 12/31/2021 23:59 |
| BUSD | 336.6307072 | Interest Payment | 12/31/2021 23:59 |
| BUSD | 323.7173859 | Interest Payment | 11/30/2021 23:59 |
| PAX | 393.2748297 | Interest Payment | 11/30/2021 23:59 |
| GUSD | 321.9451977 | Interest Payment | 11/30/2021 23:59 |
| USDC | 324.1970976 | Interest Payment | 11/30/2021 23:59 |
| DAI | 321.9424656 | Interest Payment | 11/30/2021 23:59 |
| DAI | 274.3732176 | Interest Payment | 10/31/2021 23:59 |
| PAX | 228.1155811 | Interest Payment | 10/31/2021 23:59 |
| GUSD | 273.970181 | Interest Payment | 10/31/2021 23:59 |
| USDC | 276.3288033 | Interest Payment | 10/31/2021 23:59 |
| BUSD | 275.8263571 | Interest Payment | 10/31/2021 23:59 |
| GUSD | -5000 | Trade | 10/29/2021 18:03 |
| BUSD | 5000 | Trade | 10/29/2021 18:03 |
| GUSD | -5000 | Trade | 10/29/2021 18:02 |
| USDC | 5000 | Trade | 10/29/2021 18:02 |
| GUSD | -5000 | Trade | 10/29/2021 18:00 |
| DAI | 4935.338722 | Trade | 10/29/2021 18:00 |
| GUSD | 1000 | Ach Deposit | 10/29/2021 17:58 |
| GUSD | 19000 | Ach Deposit | 10/29/2021 17:57 |
| GUSD | -25000 | Trade | 10/28/2021 20:55 |
| PAX | 25000 | Trade | 10/28/2021 20:55 |
| GUSD | 25000 | Ach Deposit | 10/28/2021 16:24 |

9

953002.2

| | | | |
|---|---:|---|---|
| PAX | 192.3113784 | Interest Payment | 9/30/2021 23:59 |
| DAI | 255.8732179 | Interest Payment | 9/30/2021 23:59 |
| GUSD | 255.5244244 | Interest Payment | 9/30/2021 23:59 |
| BUSD | 252.4154748 | Interest Payment | 9/30/2021 23:59 |
| USDC | 257.6273341 | Interest Payment | 9/30/2021 23:59 |
| GUSD | -15000 | Trade | 9/1/2021 22:06 |
| PAX | 15000 | Trade | 9/1/2021 22:06 |
| GUSD | 5000 | Ach Deposit | 9/1/2021 22:04 |
| GUSD | 10000 | Ach Deposit | 9/1/2021 22:03 |
| GUSD | -8000 | Trade | 9/1/2021 1:39 |
| PAX | 8000 | Trade | 9/1/2021 1:39 |
| USDC | -8350 | Trade | 9/1/2021 1:39 |
| PAX | 8350 | Trade | 9/1/2021 1:39 |
| USDC | -1300 | Trade | 9/1/2021 1:37 |
| BUSD | 1300 | Trade | 9/1/2021 1:37 |
| GUSD | -2000 | Trade | 9/1/2021 1:35 |
| BUSD | 2000 | Trade | 9/1/2021 1:35 |
| DAI | -404.8977345 | Trade | 9/1/2021 1:33 |
| BUSD | 400 | Trade | 9/1/2021 1:33 |
| USDC | -547 | Trade | 9/1/2021 1:31 |
| BUSD | 547 | Trade | 9/1/2021 1:31 |
| GUSD | -895 | Trade | 9/1/2021 1:30 |
| BUSD | 895 | Trade | 9/1/2021 1:30 |
| DAI | -10123.45447 | Trade | 9/1/2021 1:26 |
| BUSD | 10000 | Trade | 9/1/2021 1:26 |
| BUSD | 139.1158902 | Interest Payment | 8/31/2021 23:59 |
| USDC | 309.5115944 | Interest Payment | 8/31/2021 23:59 |
| GUSD | 311.0010841 | Interest Payment | 8/31/2021 23:59 |
| DAI | 320.4950468 | Interest Payment | 8/31/2021 23:59 |
| GUSD | 248.82 | Bonus Payment | 8/13/2021 23:59 |
| DAI | -25294.48712 | Trade | 8/3/2021 0:20 |
| BUSD | 25000 | Trade | 8/3/2021 0:20 |
| USDC | 238.4843834 | Interest Payment | 7/31/2021 23:59 |
| GUSD | 335.7786315 | Interest Payment | 7/31/2021 23:59 |
| DAI | 487.5964498 | Interest Payment | 7/31/2021 23:59 |
| DAI | -50462.75507 | Trade | 7/7/2021 17:19 |
| USDC | 50000 | Trade | 7/7/2021 17:19 |
| GUSD | -5000 | Trade | 7/4/2021 18:51 |

10

953002.2

| | | | |
|---|---:|---|---|
| DAI | 4946.96884 | Trade | 7/4/2021 18:51 |
| GUSD | 5000 | Ach Deposit | 7/4/2021 18:49 |
| GUSD | -50000 | Trade | 7/2/2021 2:15 |
| DAI | 49472.40696 | Trade | 7/2/2021 2:15 |
| GUSD | 20000 | Ach Deposit | 7/2/2021 2:08 |
| GUSD | -71880.39 | Trade | 7/2/2021 2:08 |
| DAI | 71122.20243 | Trade | 7/2/2021 2:08 |
| GUSD | 1022.937498 | Interest Payment | 6/30/2021 23:59 |
| GUSD | 619.8497549 | Interest Payment | 5/31/2021 23:59 |
| GUSD | 5000 | Ach Deposit | 5/29/2021 5:30 |
| GUSD | 5000 | Ach Deposit | 5/28/2021 4:25 |
| GUSD | 5000 | Ach Deposit | 5/27/2021 4:07 |
| GUSD | 5000 | Ach Deposit | 5/26/2021 4:29 |
| GUSD | 5000 | Ach Deposit | 5/25/2021 4:05 |
| GUSD | 5000 | Ach Deposit | 5/24/2021 6:58 |
| GUSD | 5000 | Ach Deposit | 5/23/2021 4:30 |
| GUSD | 5000 | Ach Deposit | 5/22/2021 6:15 |
| GUSD | 5000 | Ach Deposit | 5/21/2021 5:56 |
| GUSD | 5000 | Ach Deposit | 5/20/2021 18:32 |
| GUSD | 5000 | Ach Deposit | 5/19/2021 4:09 |
| GUSD | -5000 | Ach Return | 5/18/2021 22:20 |
| GUSD | 5000 | Ach Deposit | 5/18/2021 15:36 |
| GUSD | 5000 | Ach Deposit | 5/18/2021 3:30 |
| GUSD | 5000 | Ach Deposit | 5/17/2021 2:47 |
| GUSD | 5000 | Ach Deposit | 5/15/2021 21:55 |
| GUSD | 5000 | Ach Deposit | 5/14/2021 14:12 |
| GUSD | 5000 | Ach Deposit | 5/13/2021 4:57 |
| GUSD | 5000 | Ach Deposit | 5/12/2021 4:12 |
| GUSD | 5000 | Ach Deposit | 5/11/2021 4:09 |
| GUSD | 5000 | Ach Deposit | 5/10/2021 3:22 |
| GUSD | 5000 | Ach Deposit | 5/9/2021 2:46 |
| GUSD | 237.4731507 | Interest Payment | 4/30/2021 23:59 |
| GUSD | 5000 | Ach Deposit | 4/14/2021 18:24 |
| GUSD | 5000 | Ach Deposit | 4/13/2021 18:07 |
| GUSD | 5000 | Ach Deposit | 4/12/2021 16:59 |
| GUSD | 5000 | Ach Deposit | 4/11/2021 16:15 |
| GUSD | 5000 | Ach Deposit | 4/10/2021 16:10 |
| GUSD | 5000 | Ach Deposit | 4/9/2021 16:04 |
| GUSD | 5000 | Ach Deposit | 4/8/2021 15:22 |
| GUSD | 5000 | Ach Deposit | 4/7/2021 15:09 |
| GUSD | 5000 | Ach Deposit | 4/6/2021 14:58 |

953002.2

| GUSD | -127 | Ach Withdrawal | 4/5/2021 7:01 |
|---|---|---|---|
| GUSD | 26.69684457 | Interest Payment | 3/31/2021 23:59 |
| GUSD | 5000 | Ach Deposit | 3/8/2021 23:18 |
| GUSD | 0.42945187 | Interest Payment | 2/28/2021 23:59 |
| GUSD | 100 | Ach Deposit | 2/9/2021 23:13 |

### d. Elas Otherwise Satisfies Rule 23.

A lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). On a motion to serve as lead plaintiff, a movant need only make "a *prima facie* showing" that it satisfies the adequacy and typicality requirements of Rule 23. *Goines v. Celsius Network, LLC*, No. 22-cv-04560, 2023 WL 2945897 at *5 (D.N.J. Apr. 14, 2023). Here, Elas clearly satisfies both requirements.

Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all Class members. *See Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*, No. 15-cv-7448, 2016 WL 3032684, at *7 (D.N.J. May 26, 2016). Elas satisfies this requirement because, similar to other Class members, he invested in the BIAs during the Class Period by transferring U.S. Dollars into a BIA account and was allocated cryptocurrency or transferred cryptocurrency assets to a BIA account in exchange for interest payments, and suffered damages as a result of the misconduct alleged in the Complaint. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3rd Cir. 2001) (lead plaintiff movant typical when its losses are not "markedly different" from the class) (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). Accordingly, Elas satisfies the typicality requirement of Rule 23.

Elas similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). For the interests of the Class to be fairly and adequately protected, the lead plaintiff "has

the ability and incentive to represent the claims of the class vigorously, has obtained adequate counsel, and [whether] there is conflict between [the movant's] claims and those asserted on behalf of the class." *In re Cendant Corp. Litig.*, 264 F.3d at 265; *see also* Fed. R. Civ. P. 23(a)(4). Elas satisfies these elements because his substantial financial stake in the litigation provides him with the incentive to vigorously represent the interests of the Class. Elas' interests are aligned with those of the other members of the Class and there are no facts to suggest any actual or potential conflict of interest between Elas and other Class members. And Elas has retained experienced and more than adequate counsel.

Because Elas is the presumptive "most adequate plaintiff" under the PSLRA and no competing movant can rebut that presumption, the Court should appoint Elas as Lead Plaintiff.

## II.  THE COURT SHOULD APPROVE ELAS' CHOICE OF COUNSEL.

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v). Elas has selected Lockridge Grindal Nauen P.L.L.P. and Gustafson Gluek PLLC as his counsel in this litigation. Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class. *See In re Cendant Corp. Litig.*, 264 F.3d at 274.

As set forth in each firm's resumes, Lockridge Grindal Nauen P.L.L.P. and Gustafson Gluek PLLC have substantial experience in the prosecution of securities and other complex class actions and have previously served as lead counsel in numerous matters. *See* Teti Decl., Exs. D & E. Based on that experience, the Court may be assured that the members of the class will receive the best legal representation available.

Accordingly, the Court should approve Elas' selection of Lockridge Grindal Nauen P.L.L.P. and Gustafson Gluek PLLC as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Antonie Elas respectfully requests that the Court: (1) appoint him as Lead Plaintiff in the Action; (2) approve his selection of Lockridge Grindal Nauen P.L.L.P. and Gustafson Gluek PLLC as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: May 1, 2023                                   Respectfully submitted,

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

By: /s/ *Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: 973.623.3000
jdepalma@litedepalma.com

Mindee J. Reuben
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Tel: 215.854.4050
mreuben@litedepalma.com

Gregg M. Fishbein (*pro hac vice* forthcoming)
Stephen J. Teti (*pro have vice* forthcoming)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
gmfishbein@locklaw.com
sjteti@locklaw.com

Daniel E. Gustafson (*pro hac vice* forthcoming)
Daniel C. Hedlund (*pro hac vice* forthcoming)
David A. Goodwin (*pro hac vice* forthcoming)
Noah L. Cozad (*pro hac vice* forthcoming)

14

953002.2

**GUSTAFSON GLUEK PLLC**
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
ncozad@gustafsongluek.com

*Proposed Lead Counsel for Plaintiff*

Scott David Hirsch (*pro hac vice* forthcoming)
**SCOTT HIRSCH LAW GROUP PLLC**
6810 N. State Road 7
Coconut Creek, FL 33073
Tel: (561) 569-7062
scott@scotthirschlawgroup.com

Fred T. Isquith Sr. (*pro hac vice* forthcoming)
**ISQUITH LAW PLLC.**
220 East 80th Street
New York, NY 10075
Tel: (607) 277-6513
isquithlaw@gmail.com

Adam J. Zapala (*pro hac vice* forthcoming)
Gayatri S. Raghunandan (*pro hac vice* forthcoming)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
graghunandan@cpmlegal.com

Alexander E. Barnett (*pro hac vice* forthcoming)
**COTCHETT, PITRE & McCARTHY, LLP**
40 Worth Street
New York, NY 10013
Telephone: (212) 201-6820
Facsimile: (917) 398-7753
abarnett@cpmlegal.com

Richard Vita (*pro hac vice* forthcoming)
**VITA LAW OFFICES, P.C.**

100 State Street, Suite 900
Boston, MA 02109
Tel: (617) 426-6566
rjv@vitalaw.com

*Additional Counsel for Plaintiff*

953002.2