UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREY GREENE, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>ZAC PRINCE, FLORI MARQUEZ, TONY LAURA, JENNIFER HILL and GEMINI TRADING, LLC<br><br>            Defendants. | Case No. 2:23-CV-01165-KM-LDW |

**MEMORANDUM OF LAW IN SUPPORT OF YACOV BARON'S MOTION FOR APPOINTMENT AS LEAD PLAINTFF AND APPROVAL OF HIS SELECTION OF COUNSEL**

**KANTROWITZ GOLDHAMER
& GRAIFMAN, P.C.**
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
T: 201-391-7000, X129
ggraifman@kgglaw.com

**LONGMAN LAW, P.C**
354 Eisenhower Parkway, Ste. 1800
Livingston, NJ 07039
T: 973-994-2315
hlongman@longmanlaw.com

*Attorneys for Proposed Lead Plaintiff*

**Table of Contents**

I.   INTRODUCTION ................................................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................................... 2

III. ARGUMENT ........................................................................................................................ 3

   A.  Movant Baron Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff ............................................................................................................................. 3

      1.  Movant Baron Has Timely Moved for Appointment as Lead Plaintiff ............................. 4
      2.  Movant Baron Has the Largest Financial Interest in the Relief Sought by the Class .......... 5
      3.  Movant Baron Satisfies the Requirements of Rule 23 ....................................................... 5
         a.  Typicality…………………………………………………………………………. 6
         b.  Adequacy…………………………………………………………………………. 6

   B.  Movant Baron's Selection of Class Counsel Should be Approved ......................................... 7

IV.  CONCLUSION ..................................................................................................................... 7

## Table of Authorities

**Cases**                                                                                                       **Page**

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3rd Cir. 2001) ....................................................................... 7, 8, 9

*Montesano v. Eros International PLC*,
No. 19-14125 (JMV)(JAD), No. 19-14445 (KM)(JBC), No. 19-18547 (ES)(SCM),
2020 WL 1873015 (D.N.J. Apr. 14, 2020) ............................................................................................... 7

**Statutes**
15 U.S.C. § 77z-1 and § 78u-4 ............................................................................................... *passim*

**Other Authorities**
141 Cong. Rec. H13691-08, H. R. Conf. Rpt. No. 104-369, 104th Cong. 1st Sess. (Nov. 28, 1995) 9

Yacov Baron ("Movant Baron") respectfully submits this memorandum of law in support of his motion seeking an Order: (1) appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(3)(B) and § 78u-4(a)(3)(B) (the "PSLRA"); and (2) approving his selection of Longman Law, P.C. and Kantrowitz Goldhamer & Graifman, P.C. as Co-Lead counsel for the class.

## I. INTRODUCTION

The above-captioned lawsuit (the "Action") filed February 28, 2023 in this District on behalf of investors in a BlockFi Interest Account ("BIA") between March 4, 2019 and November 10, 2022 (the "Class Period"). The Action alleges that the above-named Defendants violated sections 5, 12, and 15 of the Securities Act of 1933 (the "Securities Act"), sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), the New Jersey Uniform Securities Law, the New Jersey Consumer Fraud Act, and common law fiduciary duty.

The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the Securities Act and Exchange Act. Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant: (1) making a timely motion under the PSLRA's 60-day deadline; (2) who asserts the largest financial interest in the litigation; and (3) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii) and § 78u- 4(a)(3)(B)(iii).

Movant Baron respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff because: (1) Movant Baron timely filed for appointment as Lead Plaintiff; (2) to the best of his knowledge, Movant Baron has the largest correctly documented financial interest in this litigation; and (3) Movant Baron meets the applicable requirements under Rule 23. *See id*.

Additionally, Movant Baron has retained experienced and competent counsel to represent

the class. As the "most adequate plaintiff" under the PSLRA, Movant Baron's selection of Longman Law, P.C. and Kantrowitz Goldhamer & Graifman, P.C. as co-lead counsel for the class should be approved. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v) and § 78u-4(a)(3)(B)(v). The selected law firms have extensive experience and are well-qualified to represent the interests of all Class members.

## II.     FACTUAL BACKGROUND

The Action arose from the sale of unregistered securities by the cryptocurrency company BlockFi, Inc. ("BlockFi"), a New Jersey-based company founded by Defendants Zac Prince and Flori Marquez and controlled by Defendants Prince, Marquez, Laura, and Hill. As representatives of BlockFi, Defendants marketed and sold BIAs, through which investors could earn returns from BlockFi's deployment of their assets in the form of loans to institutional, corporate, and other borrowers and/or investments in equities and futures. The returns would be added to the value of the assets within the BIAs.

The Action alleges that throughout the Class Period, Defendants sold unregistered securities in violation of Sections 5, 12(1) and 15(a) of the Securities Ac, engaged in a number of misrepresentations and material omissions in the course of marketing and selling the unregistered securities in violation of Sections 12(a)2 and Section 15 of the Securities Act, as well as in violation of Sections 12(a)(2) and 20(a) of the Exchange Act.  Through these express or implied misrepresentations, investors were led to believe that the BIAs were comparable to federally insured bank products and complied with all applicable regulations. In truth, BIAs were not registered with the SEC and were not insured by the FDIC nor protected by the SIPC.

Additionally, the Action alleges claims brought on behalf of a New Jersey Sub Class which include claims under the New Jersey Uniform Securities Law, N.J.S.A. 49:3-60, against defendants Prince and Marquez, for the failure to register the BIAs which are securities required to

be registered with the New Jersey Bureau of Securities and violations of the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8–1 et seq. for "unconscionable commercial practice[s], deception, fraud, false pretense, false promise, misrepresentations, or the concealment, suppression or omission of a material fact with intent that others rely upon such concealment, suppression or omission." *Id.* at § 56:8–2. The Action also alleges a claim against the BFI Defendants Prince, Marquez, Flora and Hill for aiding and abetting the breaches of fiduciary duty by BlockFi by publicly supporting and endorsing BlockFi and encouraging the Plaintiff to invest in BlockFi.

On November 10, 2022, BlockFi announced it would halt customer withdrawals and freeze account access, preventing investors from accessing and withdrawing their assets. On November 28, 2022, BlockFi filed for bankruptcy in the United States Bankruptcy Court for the District of New Jersey, ensuring that investors would remain deprived of their assets. Movant Baron has been unable to access his funds since that time.

**III.   ARGUMENT**

    **A.   Movant Baron Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. See 15 U.S.C. § 77z-1(a)(1)-(3)(B)(i) and § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *Id*. § 77z-1(a)(3)(A)(i) and § 78u- 4(a)(3)(A)(i); *see also Montesano v. Eros International PLC*, No. 19-14125 (JMV)(JAD), No. 19-14445 (KM)(JBC), No. 19-18547 (ES)(SCM), 2020 WL 1873015,

3

at *2 (D.N.J. Apr. 14, 2020). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 77z-1(a)(3)(A)-(B) and § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See id*. § 77z-1(a)(3)(B) and § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the person or group of persons that (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id*. § 77z-1(a)(3)(B)(iii) and § 78u-4(a)(3)(B)(iii); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 222-23 (3rd Cir. 2001).

### 1. Movant Baron Has Timely Moved for Appointment as Lead Plaintiff

Here, the Action was filed on February 28, 2023 and the relevant notice was published on March 1, 2023, 1:38 EST, on *PR Newswire*. *See* Copy of March 1, 2023 *PR Newwire* entitled "Squitieri & Fearon LLP, and Moore Kuehn PLLC File Suit Against BlockFi, Inc. founder Zac Prince, et al." attached as Exhibit A to the Declaration of Howard T. Longman ("Longman Declaration"). Thus, May 1, 2023 is the deadline for class members to seek appointment as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(A)-(B) and § 78u-4(a)(3)(A)-(B). Movant Baron timely moves this Court for appointment as Lead Plaintiff on behalf of all members of the class and subclass. He has also duly signed and filed a certification under the PSLRA stating his willingness

to serve as a representative party on behalf of the class. *See* copy of the Certification of Yachov Baron attached as Exhibit B to the Longman Declaration

### 2. Movant Baron Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii) and § 78u-4(a)(3)(B)(iii). Here, Movant Baron suffered a loss based on his Class Period investments in his BIA of approximately $417,694.50. *See* Damages Chart for Movant Baron's Class Period Transactions attached as Exhibit C to the Longman Declaration. To the best of his knowledge, Movant Baron's financial interest in this matter is the largest correctly documented loss of known lead plaintiff movants. *See* 15 U.S.C. § 77z-1(a)(3)(B) and § 78u-4(a)(3)(B).

### 3. Movant Baron Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii) and § 78u-4(a)(3)(B)(iii). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only a preliminary showing of typicality and adequacy is necessary at this stage of the litigation. *See In re Cendant Corp. Litig.*, 264 F.3d at 262.

      **a.    Typicality**

The typicality requirement is satisfied if the movant's claims arise from the same facts and involve the same legal theories as the claims of the rest of the class. *Id*. at 264-65. Movant Baron satisfies this requirement because, just like all other proposed class members, he purchased a BIA during the Class Period in reliance upon Defendants' false and misleading statements, suffered damages thereby. Thus, Movant Baron's claims arise from the same facts and involve the same legal arguments as those of the other class members. In addition, Movant Baron is a resident of New Jersey and thus his claims arises from the same facts as other members of the New Jersey Subclass set forth in the Action as well as the Class.

      **b.    Adequacy**

The adequacy requirement is met where the movant is capable of and motivated to vigorously represent the interests of the class and has obtained adequate counsel, and where there is no conflict between the movant's claims and those of the Class. *See Id*. at 265. Here, Movant Baron is adequate because his interest in aggressively pursuing claims against Defendants is aligned with the interests of the members of the class, as well as the New Jersey Subclass, who were similarly harmed as a result of Defendants' false and misleading statements. There is no antagonism or potential conflict between Movant Baron's interests and those of the other members of the class, and Movant Baron is fully committed to pursuing the claims on behalf of the Class and New Jersey Subclass. Further, as demonstrated below, Movant Baron's proposed counsel are qualified, experienced, and able to vigorously conduct this complex litigation in an efficient, effective, and professional manner. Moreover, Movant Baron is not subject to any unique defenses.

### B.      Movant Baron's Selection of Class Counsel Should be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to court approval. See 15 U.S.C. § 77z-1(a)(3)(B)(v) and § 78u-4(a)(3)(B)(v). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class." See Statement of Managers – The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700, H. R. Conf. Rpt. No. 104-369, at 62, 104th Cong. 1st Sess. (Nov. 28, 1995). Movant Baron has selected Longman Law, P.C. and Kantrowitz Goldhamer & Graifman, P.C. as lead counsel to represent him and the proposed class. Howard T. Longman, Esq. has extensive experience with securities class actions, as well as actions asserting claims under the New Jersey Consumer Fraud Act, including a number of successful suits, as described in the Longman Law, P.C. resume attached as Exhibit D to the Longman Declaration.  Gary S. Graifman, Esq.  has extensive successful experience in claims under the New Jersey Consumer Fraud Act as well as with federal securities class action, as described in the Kantrowitz Goldhamer Graifman, P.C. resume attached as Exhibit E to the Longman Declaration. As a result of their experience in litigation involving issues similar to those raised in this action, Movant Baron's counsel has skills and knowledge which will enable him to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by granting this motion, the members of the Class and New Jersey Subclass will receive adequate legal representation.

### IV.     CONCLUSION

For all of the above reasons, Movant Baron respectfully requests that this Court enter an Order: (1) appointing Movant Baron as Lead Plaintiff in the Action; and (2) approving his selection of the law firms of Longman Law, P.C. and Kantrowitz Goldhamer & Graifman, P.C. as co-lead counsel for the Class and the New Jersey Subclass.

Dated: May 1, 2023

                        KANTROWITZ GOLDHAMER
                         & GRAIFMAN, P.C.

By: _____
                        Gary S. Graifman
                        135 Chestnut Ridge Road, Suite 200
                        Montvale, NJ 07645
                        T: 201-391-7000, x134
                        F: 201-307-1086
                        GGraifman@kgglaw.com

                        LONGMAN LAW, P.C

By: _____
                        Howard T. Longman, Esq.
                        354 Eisenhower Parkway, Ste. 1800
                        Livingston, NJ 07039
                        T: 973-994-2315
                        F:  973-994-2319
                        Hlongman@longman.law


                        ***Attorneys  for Movant Yacov Baron***