## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREY GREENE, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br>    v.<br><br>ZAC PRINCE, FLORI MARQUEZ, TONY LAURA, JENNIFER HILL and GEMINI TRADING, LLC,<br><br>                        Defendants. | Case No.: 2:23-cv-01165<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL PURSUANT TO PSLRA 15 U.S.C. §78u-4(a)(3)(8)** |

SQUITIERI & FEARON, LLP
Olimpio Lee Squitieri
305 Broadway
7th Floor
New York, New York 10007
Tel: (212) 421-6492
Fax: (212) 421-6553
Email:  lee@sfclasslaw.com

MOORE KUEHN, PLLC
Fletcher Moore
Justin Kuehn
30 Wall Street, 8th Floor
New York, New York 10005
Tel: (212) 709-8245
Fax: (917) 634-3035
Email:  fmoore@moorekuehn.com

*Attorneys for Movants*

Dated:  May 1, 2023

**TABLE OF CONTENTS**

                                                                                                                                <u>Page</u>

INTRODUCTION AND BACKGROUND……………………………………………………1
NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS................................1
ARGUMENT…………………………………………………………………………………..4
      I.      MOVANTS SHOULD BE APPOINTED LEAD
             PLAINTIFF…………….…………………………………………………………......4
                  A.  Movants Are Willing to Serve as Class Representative………………………4
                  B.  Movants Have the Largest Financial Interest in the Action…………………..4
                  C.  Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil
                       Procedure…………………………………………………………………....6
                         1.      Movants' Claims are Typical…………………………………….…7
                         2.      Movants Are Adequate……………………….....………………….7
                  D.  Movants Are Willing to Serve as Class Representative……………..……….8
 II.      MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED………..……..8
CONCLUSION…………………………………………………………………………………9

# **TABLE OF AUTHORITIES**

**Page**

*Reves v. Ernst & Young*, 494 U.S. 56, 64–66 (1990)……………………………………………..3
*SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946)……………………………………………3
15 U.S.C. § 78u-4(a)(3)(B)……………………………………………………………………..4,5,8
*Goines v. Celsius Network, LLC*, 2023 U.S. Dist. LEXIS 65873, at *15 (D.N.J. April 14, 2023)……………………………………………………………………………………………….4
*In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001)……………………………4,8
*Takara Trust v. Molex,* 229 F.R.D. 577, 579 (N.D. Ill. 2005)…………………………………...5
*In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008)……..……………………5,6
*In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005)……….…..5
*Lax v. Merch. Acceptance Corp.,* 1997 WL 461036 5 (N.D. Ill. Aug. 11, 1997)…………….….5
*In re Olsten Corp. Sec. Litig.,* 3 F.Supp.2d 286,295 (E.D.N.Y. 1998)…………………………..5
*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)………………..7
*In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002)…………….…7
*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)…8

Movant Pham Duy Anh, Dang ("Movant" or "Dang"), with Trey Greene ("Greene") and Arman Reyes ("Reyes") (*See* ECF No. 6)[1] (Dang, Greene and Reyes collectively as "Movants" or the "Group"), respectfully submit this memorandum of law in support of their motion for an Order: (1) appointing Movants as Co-Lead Plaintiffs as a Group pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approving their selection of Squitieri & Fearon LLP ("SF") and Moore Kuehn PLLC ("MK") as Co-Lead Counsel.

## INTRODUCTION AND BACKGROUND

On February 27, 2023, plaintiff Trey Greene filed a Class Action Complaint and Demand for Jury Trial (ECF No. 1) (the "Action"). This action was filed as a "covered" class action under the PSLRA. Greene published a notice as prescribed by the PSLRA advising class members of, inter alia, the allegations and claims in the Complaint and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Lee Squitieri ("Squitieri Decl."), Ex. A filed herewith. According to the PSLRA, any motions for appointment of lead counsel and lead plaintiff must be filed within 60 days of the date of publication of notice, i.e., May 1, 2023.

## NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1. The action is on behalf of all people in the United States who enrolled in a BlockFi Interest Account/Crypto Interest Account, which is an unregistered security under state and federal law. Since March 4, 2019, the individual defendants herein have been, at least in part, engaged in the sale of unregistered securities in the form of cryptocurrency interest-earning accounts and the making of materially false and misleading statements described in the complaint. The unregistered

---

[1] Greene and Reyes filed their motion for lead plaintiff on April 30, 2023 as reflected by ECF No. 6 and in which Dang moves to join as a Group member.

securities include the "Wallet Accounts" as its "Crypto Interest Account" and/or the "BlockFi Interest Account" (collectively, the "BIAs").

2. Defendants did not register the BIAs with the United States Securities and Exchange Commission ("SEC").

3. From March 4, 2019 to the present, the Defendants offered and sold BlockFi BIAs to investors, through which investors lend crypto assets to BlockFi in exchange for BlockFi's promise to provide a variable monthly interest payment. BlockFi generated the interest paid out to BIA investors by deploying its assets in various ways, including loans of crypto assets made to institutional and corporate borrowers, lending U.S. dollars to retail investors, and by investing in equities and futures. As of March 31, 2021, BlockFi and its affiliates held approximately $14.7 billion in BIA investor assets. As of December 8, 2021, BlockFi and its affiliates held approximately $10.4 billion in BIA investor assets, and had approximately 572,160 BIA investors, including 391,105 investors in the United States. By February 2022, BlockFi's domestic BIA accounts were effectively shut down for transaction and by November 18, 2022 all BlockFi accounts were locked down and Plaintiff and class members were locked out of their assets.

4. BlockFi allows investors to purchase the BIAs by depositing certain eligible cryptocurrencies into accounts at BlockFi. BlockFi then pools these cryptocurrencies together to fund its lending operations and proprietary trading. In exchange for investing in the BIAs, investors are promised an attractive interest rate that is paid monthly in cryptocurrency. The BIAs are not protected by Securities Investor Protection Corporation (the "SIPC") or insured by the Federal Deposit Insurance Corporation (the "FDIC"). The BIAs are subject to additional risk, compared to assets held at SIPC member broker-dealers, or assets held at banks and savings associations, almost all of which carry FDIC insurance. Nor are they registered with the SEC, the Commissioner, or any other securities regulatory authority, or exempt from registration. Despite the additional risk, and

lack of safeguards and regulatory oversight, as of March 31, 2021, BlockFi held the equivalent of $14.7 billion from the sale of these unregistered securities in violation of federal and state securities laws.

5. Based on the facts and circumstances set forth herein, the BIAs were securities because they were notes under *Reves v. Ernst & Young*, 494 U.S. 56, 64–66 (1990) and its progeny, and also because BlockFi offered and sold the BIAs as investment contracts, under *SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946) and its progeny, including the cases discussed by the SEC in its Report of Investigation Pursuant To Section 21(a) Of The Securities Exchange Act of 1934: The DAO.1  Defendants promised BIA investors that BlockFi could pay a variable interest rate, determined by BlockFi on a periodic basis, in exchange for crypto assets loaned by the investors, and that investors could demand that BlockFi return their loaned assets at any time. Investors in the BIAs had a reasonable expectation of obtaining a future profit from BlockFi's efforts in managing the BIAs based on BlockFi's statements about how it would generate the yield to pay BIA investors interest. Investors also had a reasonable expectation that BlockFi would use the invested crypto assets in BlockFi's lending and principal investing activity, and that investor would share profits in the form of interest payments resulting from BlockFi's efforts. BlockFi offered and sold the BIAs to the general public to obtain crypto assets for the general use of its business, namely, to run its lending and investment activities to pay interest to BIA investors, and promoted the BIAs as an investment. Defendants allowed BlockFi to offer and sell securities without a registration statement filed or in effect with the Commission and without qualifying for an exemption from registration; as a result, BlockFi violated Sections 5(a) and 5(c) of the Securities Act of 1933 and BlueSky laws of various states.

**ARGUMENT**

**I.     MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF**

The movant with the largest interest in the relief sought by the class is a group rather than an individual person or entity, a court should consider whether "the way in which a group seeking to become lead plaintiff was formed or the manner in which it is constituted would preclude it from fulfilling the tasks assigned to a lead plaintiff." *Goines v. Celsius Network, LLC*, 2023 U.S. Dist. LEXIS 65873, at *15 (D.N.J. April 14, 2023) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 266-767 (3d. Cir. 2001). The text of the PSLRA permits the appointment of a "person or group of persons" to be the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The group of persons does not need to be "related" in some manner; but any such group must be able to "fairly and adequately protect the interests of the class." *In re Cendant*, 264 F.3d at 266-67 (the Third Circuit has explicitly rejected the conclusion reached by other courts that the PSLRA "invariably precludes a group of 'unrelated individuals' from serving as a lead plaintiff.").

As to the group's size, the Third Circuit has stated generally that groups with less than five members may work effectively. *Goines*, *supra* at *17-18 (quoting *In re Cendant*, 264 F.3d at 267). Here, the Group comprises just three members with Dang, Greene and Reyes. In *Goines*, the District Court of New Jersey granted the Group of plaintiffs' motion for lead plaintiff after holding:

> The Kaplan/Mazzotta Group is represented by counsel with deep experience in securities litigation, and their choice of counsel does not tend to indicate that they cannot fairly and adequately represent the interests of the class. There are no known conflicts between the Kaplan/Mazzotta Group and the members of the class, and, based on their significant financial losses, the Kaplan/Mazzotta Group appears to have a sufficient interest in the outcome of the case to ensure vigorous advocacy.

*Id*. at 17.

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action/n by the later of: (i) 90 days after the date

4

Case 2:23-cv-01165-KM-LDW   Document 10-1   Filed 05/01/23   Page 8 of 13 PageID: 419

of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(ii).

As set forth below, Movants satisfy all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff for the Class."

### A. Movants Are Willing to Serve as Class Representative

Movants have filed herewith PSLRA certifications attesting that they are willing to serve as co-representatives of the class and remain willing to provide testimony at deposition and trial, if necessary. *See* Ex. B hereto. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiff for the Class.

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff. . .is the person or group of persons that... has the largest financial interest in the relief sought by the class." 15 U.S.C. § U.S.C. (3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought.

In this case, the financial relief sought is based on loses sustained by class members purchases of BIA securities. At this early stage, each plaintiffs' transaction volume provides an estimate for purposes of determining the movant with the largest financial interest. The movant with

5

the largest financial interest who meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff.

During the Class Period, movant Greene invested over $1,586,492.00 into BlockFi BIAs; re-invested over approximately $200,000.00 in earned credited interest; and re-invested over approximately $200,000.00 of capital gains. *See* Squitieri Decl., Exh. B.

During the Class Period, movant Reyes invested over $460,000.00 into BlockFi BIAs. *See* Squitieri Decl., Exh. B.

During the Class Period, movant Dang had invested over $2,243,602.06 in his BlockFi account. *See* Squitieri Decl., Exh. B.

Movants believe that they have a greater financial interest collectively in this action than any other Class member who has Movants believe that they have a greater financial interest in this action than any other Class member who has come forward and, to the best of their knowledge, are not aware of any other Class member claiming larger financial losses that have filed a complaint or a motion for appointment as lead plaintiff. Movants thus satisfy the second PSLRA requirement – the largest financial interest – to be appointed as co-lead plaintiff for the class.

Movants are not aware of any other movant that has suffered greater losses from their enrollment in defendants' "accounts." Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Co-Lead Plaintiff for the class.

**C.     Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(l)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise

6

satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movants' Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants were illegally selling unregistered securities. Movants' interests are closely aligned with the other Class members' and Movants' interests are, therefore, typical of the other members of the Class.

### 2. Movants Are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained

7

adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from Defendants' misrepresentations, among other wrongful conduct, and are therefore, extremely motivated to pursue claims in this action.

### D. Movants Are Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movants are the most adequate Lead Plaintiff is not subject to rebuttal. Movants have suffered financial losses and have the largest financial interest in this case of any timely movant. *See* Squitieri Ex. B. The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against him that would render Movants inadequate to represent the Class.

### E. Alternatively Each Movant Has Certified And Moved To Be Appointed As Lead Plaintiff Individually

The Court may consider each investor individually, as if such plaintiff had moved to be appointed as lead plaintiff alone. *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008). To do so, the Court must first determine which individual has the

"largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Here, each Movant has attested in their PSLRA certification that "I am willing to serve as a lead plaintiff either individually or cooperate as part of a group of lead plaintiffs." *See* Squitieri Decl. Ex B.

## II. MOVANTS SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(ii)11) (aa).

Movants have selected Squitieri & Fearon LLP and Moore Kuehn PLLC as Lead Counsel. The firms have been actively researching Movants and Class Plaintiffs' claims, including reviewing publicly available financial and other documents. Furthermore, Squitieri & Fearon LLP has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. C and D hereto. Squitieri & Fearon LLP and Moore Kuehn PLLC have prosecuted numerous class actions and other complex litigation and obtained substantial recoveries on behalf of investors and consumers.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movants respectfully request the Court issue an Order (1) appointing Movants as Co-Lead Plaintiff of the Class as a Group; (2) approving Movants' selection

9

of Squitieri & Fearon LLP and Moore Kuehn PLLC as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: May 1, 2023  Respectfully submitted,

**SQUITIERI & FEARON, LLP**

By: */s/Olimpio Lee Squitieri*
  Olimpio Lee Squitieri
305 Broadway
7th Floor
New York, New York 10007
Tel: (212) 421-6492
Fax: (212) 421-6553
lee@sfclasslaw.com

MOORE KUEHN, PLLC
Fletcher Moore (pro hac vice forthcoming)
Justin Kuehn (pro hac vice forthcoming)
30 Wall Street, 8th Floor
New York, New York 10005
Tel: (212) 709-8245
Fax: (917) 634-3035
Email:  fmoore@moorekuehn.com

*Attorneys for Movant*