# EXHIBIT C

**SQUITIERI & FEARON, LLP**
Attorneys at Law
305 Broadway – 7th Floor
New York, New York 10007
Tel: 212-421-6492
Fax: 212-421-6553

---

Squitieri & Fearon, LLP represents stockholders, consumers and pension plan participants in complex class actions and individual lawsuits throughout the United States. The partners of Squitieri & Fearon, LLP formed the firm in 2001 and collectively have over 50 years of class action experience.

## SELECT LEAD COUNSEL OR CO-LEAD COUNSEL APPOINTMENTS

Squitieri & Fearon, LLP is active in diverse areas of class action litigation and has recovered hundreds of millions of dollars for its clients. The firm has been appointed lead counsel or co-lead counsel by courts across the country and has received the highest quality rating of "AV" from Martindale-Hubbell for professional excellence. The following list provides some examples of cases in which the firm has been lead or co-lead counsel for plaintiffs or nationwide classes:

## SAMPLE CURRENT ACTIONS IN WHICH THE FIRM IS LEADING THE LITIGATION

- In Re: GE ERISA Litigation, Master File No. 1:17-cv-12123-IT (U.S.D.C. D. Mass.) (The Firm is co-lead counsel in an ERISA class action on behalf of GE's defined contribution 401-K plan alleging that the Plan fiduciaries refused to replace poorly performing expensive proprietary funds offered by GE's investment subsidiary, GEAM, in order to inflate GEAM's assets under management in advance of sale of that division to State Street Global Securities for $500 million. The alleged losses to the Plans exceed $300 million).

- Farina v. Metropolitan Transportation Authority, et al., Case No. 18-cv-01433 (PKC) (S.D.N.Y.) (the firm asserted innovative claims under the Eighth Amendment to the United States Constitution which survived vigorous opposition at the motion to dismiss. The firm is representing drivers who have been charged fines which are many multiplies of the tolls charged for using New York's cashless tolling system, such as EZ Pass and Tolls-By-Mail).

- In Re: MetLife Corp. Shareholder Derivative Litigation, Consol. CA. No. 2019-0452-SG (In The Court of Chancery

1

of the State of Delaware) (The Firm is co-lead counsel in this shareholder derivative action seeking to hold accountable past and present directors and officers for dereliction of duty leading directly to allegedly inflated financial results from 2013 through 2017. In December 2017 MetLife announced it had been under-reserving for (and not paying) annuity obligations due to MetLife's failure to adopt industry standard beneficiary-identification processes of the type imposed upon MetLife in 2011 with respect to its Life Insurance business under a Regulatory Settlement Agreement with over half a dozen states).

- In Re: Zimmer Biomet Shareholder Derivative Litigation, Consol. CA. No. 2019-01855-LPS (U.S.D.C. D.DE.) (The firm is co-lead counsel in this shareholder derivative litigation to hold accountable Zimmer Biomet's ("ZBH") past and present officers and directors for their dereliction of duty in failing to ensure ZBH complied with United States Food and Drug Administration directives for manufacturing practices at ZBH's major production facilities. The directors and officers also caused/allowed ZBH to make affirmative misrepresentations and omissions about ZBH's business. This action also seeks recovery of almost $600 million in alleged insider trading profits from private equity funds whose partners were ZBH board members when the funds sold their ZBH holdings while in possession of material adverse non-public information. Upon disclosure that the major ZBH facilities could not produce key revenue generating products, ZBH's share price eventually fell almost 25%).

- In Re: Kraft Heinz Shareholder Derivative Litigation, Consol. CA. No. 2019-0587-AGB (U.S.D.C. D.DE.) (The Firm is co-lead counsel in this shareholder derivative action to recover on behalf of Kraft Heinz ("KHC") approximately $600 million in insider trading profits from its controlling shareholder, Brazilian based private investment fund 3G Capital. The suit alleges that 3G Capital made its first ever sale of KHC stock while in possession of material adverse non-public internal information about the adverse effect on KHC brand value of consumer trends away from KHC brands.).

## PAST ACHIEVEMENTS

## ERISA CLASS ACTIONS

- In Re: AIG I ERISA Litigation, 04-CV-9387 (S.D.N.Y.) (recovered $24 million for 401(K) beneficiaries).

- In Re: AIG II ERISA Litigation, 08-CV-5722 (S.D.N.Y.) (recovered $40 million for 401(K) beneficiaries).

- In Re SunTrust Banks, Inc. ERISA Litig., 1:08-cv-03384-RWS (N.D. Ga.) (multi-million dollar recovery for a class of retirement plan participants after years of litigation and appeals, as the parties were preparing for trial).

- Veera v. Ambac Plan Administrative Comm. et. al., 10-cv-04191 (S.D.N.Y.) (ERISA action resulting in multi-million dollar cash recovery for participants in Company's 401(k) Plan).

- In re National City Corp. Sec., Deriv. & ERISA Litig., 09-NC-70002-SO (N.D. Ohio) (recovery of $5.6 million cash settlement for participants in Company's ESOP Plan).

- Taylor v. McKelvey, 06-cv-8322 (S.D.N.Y.) (ERISA Class Action resulting in $4.25 million recovery for participants in a company-sponsored retirement plan who held the company's stock and alleged that the stock price was artificially inflated because the company had backdated and manipulated certain option grants and made misleading statements).

- Bredthauer v. Lundstrom, 4:10-cv-03132 (D. Neb.) ($4.5 million recovery for participants in the TierOne Corp. retirement plans).

## SHAREHOLDER ACTIONS

- Gurney's Spa Resort Ltd. v. Arzanipour, et al., Index No. 154466/2018 (New York Supreme Court) (In this statutory appraisal under NY BCL 623, after a two day trial, the Court ruled that the corporation had undervalued it assets by approximately 40% and ordered the merger price increased for dissenting shareholders. The Court also ordered Gurney's to pay dissenters' counsel's fee and costs of appraisal).

3

- DCG&T, et al v. Knight, et al., 3:14-cv-00067 (E.D. Va.) (shareholder action obtained $12 million of additional consideration in merger transactions for shareholders on the eve of trial).

- Damon Trust v. Ford, 03-CV-135 (W.D. Mich. 2003) (recovery of $6 million cash in shareholder derivative action just days before trial).

- Laufer v. Lucent Technologies, Inc., 01-CV-5229 (D.N.J.) (recovery of approximately 35% of bond purchasers' losses).

- In Re Schering Plough Corporation Shareholders Derivative Litigation, 01-CV-1412 (D.N.J.) (significant changes to Company's corporate governance structure and management level changes described by Court as "significant" and "substantial" involving "wholesale restructuring of a major corporation's governance and compliance functions.").

- In re Bristol Myers Squibb Company Derivative Litigation, 02-CV-8571 (facilitated recovery of $200 million on behalf of Company and negotiated the implementation of significant corporate governance enhancements for the Company).

## CONSUMER FINANCIAL ACTIONS

- Fairlie v. Transamerica, No. 18-cv-0032-LTS (N.D. Iowa) (substantial, confidential recovery for universal life insurance policyholders whose cost of insurance was improperly increased, threatening to make the policies prohibitedly expensive).

- Rudell v. Heartland Payment Systems, 3:16-cv-02229-AET-LHG (D.N.J.) (multi-million dollar recovery for nationwide class of consumers in a deceptive trade practices class action).

- Gorsuch v. OneWest Bank, N.A., 3:14-cv-152 (successful presentation and resolution of claims for deceptive "force-placed insurance").

- Tanasi v. New Alliance Bank, 1:12-cv-00646 (W.D.N.Y.) (successful prosecution of claims for bank's deceptive overdraft practices).

4

- Ord v. First National Bank of Penn., 2:12-cv-00766-AJS (W.D. Pa.) (multi-million dollar recovery for bank customers who had been improperly charged for overdraft fees as a result of the bank's reordering scheme).

- Katz, et al. v. Live Nation, et al., 09-CV-5446-MLC-DEA (D. N.J.) (recovery of $13 million in-kind recovery for class member ticket buyer overcharges).

- In re Jamster Marketing Litigation, MDL No. 1751, Master File No. 05- CV-0819 (S.D. Cal.) (appointed to the Executive Committee for plaintiffs and the Class. Negotiated refunds for a nationwide class of wireless telephone subscribers for unauthorized charges relating to mobile content from Jamster, such as ringtones and wallpaper for mobile phones).

At their former firm, Messrs. Squitieri and Fearon were lead litigators in the following actions:

- In re Seagate Technology, Inc. Shareholders Litigation, C.A. No. 17932- NC (Del. Ch. Ct. 2000) (approximately $200 million in incremental benefits for shareholders).

- In re Westinghouse Securities Litigation, 91-CV-354 (W.D. Pa. 1999) ($67 million recovery).

- In re National Health Laboratories Securities Litigation, 92-CV-1949 (S.D.Cal.1995) ($64 million recovery).

- In re National Medical Enterprises Securities Litigation, 91-CV-5452 (C.D. Cal. 1994) ($60.7 million recovery).

- In re Coram Healthcare Corp. Securities Litigation, Master File No. 95-N-2074 (D. Colo. 1997) ($47 million recovery).

- In re Leslie Fay Securities Litigation, Master File No. 92-CV-8036 (S.D.N.Y.) ($35 million recovery).

- Demint v. Nationsbank of Florida, et al., 94-995-CIV-T-23B (U.S.D.C. Middle District of Florida, Tampa Division 1996) (partial settlement of certain claims for $25 million, remainder of claims settled for $30 million).

- In re Sun Healthcare Group, Inc. Litigation, 95-CV-7005 JC/WWD (D.N.M.) ($24 million recovery).

- In re Caterpillar, Inc. Securities Litigation, 90-CV-1238, 90-CV-1242 (C.D. Ill.) ($23 million recovery).

Squitieri & Fearon, LLP has handled hundreds of product liability mass tort cases and has successfully recovered millions of dollars for its clients who have been injured by defective pharmaceuticals. The firm was appointed by the court as liaison counsel for plaintiffs in the consolidated mass tort pharmaceutical cases of In Re: New York Phenylpropanolamine (PPA) Products Liability Litigation, Master Index No. 761,000/03 (Supreme Court, New York County) and In Re: New York Rezulin Products Liability Litigation, Master Index Number 752,000/00 (Supreme Court, New York County). In that regard partner Stephen J. Fearon, Jr. was named one of the best mass tort lawyers by The New York Magazine and The Best Lawyers In America and is "AV" rated by Martindale Hubbell.

The partners of the firm have received commendations from many courts before whom they have appeared, including:

- In Taylor, et al., v. McKelvey, et al., 06-CV-8322 (S.D.N.Y. 2009), Judge Alvin K. Hellerstein approved a proposed settlement of an ERISA class action in which the Court commended the lawyers by saying "...this is a complex case. The use of ERISA and the antifraud statute of ERISA is novel, and you exploited that novelty by advancing your case effectively."

- Damon Trust v. Ford, 03-CV-135 (W.D. Mich. 2003) (J. Quist) $6 million recovery on behalf of Mackinac Financial Corporation f/k/a North Country Financial Corporation in shareholders derivative action. Case settled just 10 days from jury selection and opening statements. This firm (one of two trial counsel) was lauded by the Court: ". . . the plaintiffs' lawyers did a good job . . . they were successful almost a hundred percent."

- In re Waste Management, Inc. Securities Litigation, 97-CV-7709 (N.D. Ill. 1999) ($220 million settlement) in which United States District Court Judge Wayne R. Andersen favorably commented on the lawyers who actually litigated the case, including Lee Squitieri:

  "...[Y]ou have acted the way lawyers at their best ought to act. And I have had a lot of cases ... in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here ... I would say this has been the best

6

representation that I have seen. But I really mean that."

- In <u>Laufer v. Lucent Technologies, Inc.</u>, O1-CV-5229 (D.N.J.), Judge Joel A. Pisano in approving a settlement obtained by Squitieri & Fearon as lead counsel noted that Squitieri & Fearon, LLP was "highly experienced in handling complex, sophisticated securities litigation."

- In <u>In re Seagate Technology, Inc.</u>, C.A. No. 17932-NC (Del. Ch. Ct. 2002), Vice Chancellor Leo E. Strine commented: "Clearly, plaintiffs hit upon some-some very interesting facts, and they put in a lot of – a lot of time, and they did highly skilled work against highly skilled opposition."

The firm's lawyers are:

**Partners**:

LEE SQUITIERI received a B.A. degree from Rutgers College and received his law degree from New York Law School. Mr. Squitieri is admitted to the New York and New Jersey State Bar, the United States District Courts for the Southern and Eastern Districts of New York, the First, Second, Third, Fifth and Seventh Circuit Courts of Appeal, and the District of New Jersey.

STEPHEN J. FEARON, JR. graduated from Boston University and received his law degree from New York Law School. Mr. Fearon is admitted to the New York bar, the United States District Courts for the Southern, Eastern and Northern Districts of New York, the Eastern and Western Districts of Michigan, the District of Arizona, the Northern District of Georgia, as well as the Second, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuit Courts of Appeals. He had been appointed as a Mediator by the Southern District of New York where he has helped parties resolve complex civil litigation through court-ordered mediation. Mr. Fearon is a member of the National Trial Lawyers Top 100, an invitation-only organization composed of premier trial lawyers who meet stringent qualifications as civil plaintiff trial lawyers. He also has been designated as a "Top 25"of Class Action Trial Lawyers and "Top 25" of Mass Tort Trial Lawyers and is honored to be a member of those invitation-only groups.

**Associates**:

PAUL SWEENY graduated from La Salle University and received his law degree from Brooklyn Law School. He is admitted to the New York State Bar.