**POMERANTZ LLP**
Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
bcalandra@pomlaw.com

*Additional counsel appears in signature block*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREY GREENE, individually and on behalf of all others similarly situated, | Case No.: 2:23-cv-01165-KM-LDW |
| Plaintiff, | |
| v. | |
| ZAC PRINCE, FLORI MARQUEZ, TONY LAURA, JENNIFER HILL and GEMINI TRADING, LLC, | |
| Defendants. | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COURT'S LEAD PLAINTIF ORDER AND APPOINT AN ADDITIONAL CO-LEAD PLAINTIFF AND CO-LEAD COUNSEL</u>

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ....................................................................... 1

II.     FACTUAL AND PROCEDURAL HISTORY ............................................... 2

III.    LEGAL STANDARD ..................................................................................... 6

IV.     ARGUMENT ................................................................................................... 8

    A.    Ruling on Lead Plaintiff Motions While the Greene Plaintiffs and
        Wyatt Were Precluded from Completing Briefing Was Premature ...... 8

    B.    Granting the Motion Optimizes the Representation of the Class By
        Adding Wyatt and Pomerantz. ............................................................... 9

    C.    There is No Prejudice to Defendants Granting the Motion ............... 14

V.      CONCLUSION .............................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acad. Hill, Inc. v. City of Lambertville*,
   2020 WL 3642694 (D.N.J. July 6, 2020) .......................................................8, 14

*BlockFi Inc. v. Greene, et al.*,
   No. 23-ap-01071-MBK (Bankr. D.N.J.)..............................................................5

*Bullock v. Ancora Psychiatric Hospital*,
   2012 WL 12897881 (D.N.J. December 20, 2012)...............................................8

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800 (2018)......................................................................................11

*Dolan v. Axis Cap. Holdings Ltd.*,
   2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) .....................................................11

*Elas v. Prince, et al.*,
   23-cv-10472 (D. Mass.) ...............................................................................3, 4, 9

*Greene v. Prince*,
   2023 WL 6785119 (D.N.J. Oct. 13, 2023) (McNulty, J.) .................................10

*Harding v. Jacoby & Meyers, LLP*,
   2021 WL 2472323 (D.N.J. June 16, 2021)..........................................................7

*Igo v. Sun Life Assurance Co. of Canada*,
   652 F. Supp. 3d 929 (S.D. Ohio 2023) .............................................................15

*In re Able Labs. Sec. Litig.*,
   425 F. Supp. 2d 562 (D.N.J. 2006)...................................................................13

*In re BlockFi Inc., et al.*,
   No. 3:22-bk-19361 (Bankr. D.N.J.)................................................................4, 5

*In re Cendant Corp. Sec. Litig.*,
   404 F.3d 173 (3d Cir. 2005) .............................................................................10

*In re Lucent Techs. Sec. Litig.*,
   221 F. Supp. 2d 472 (D.N.J. 2001) ....................................................................11

*In re Oxford Health Plans, Inc. Secs. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................12

*In re Tyco Int'l, Ltd.*,
   2000 WL 1513772 (D.N.H. Aug. 17, 2000) ......................................................12

*Lang v. Tower Grp. Int'l, Ltd.*,
   2014 WL 12779212 (S.D.N.Y. June 17, 2014) ..................................................11

*McLeod v. New Jersey Dep't of Corr.*,
   2020 WL 6899675 (D.N.J. Nov. 23, 2020) (McNulty, J.) ..................................7

*Nichols v. MMIC Ins. Inc.*,
   2015 WL 2365537 (D.S.D. May 15, 2015) .........................................................7

*Ortiz v. Canopy Growth Corporation*,
   No. 2:19-cv-20543-KM-ESK (D.N.J. Jun. 7, 2022)..........................................13

*State Nat'l Ins. Co. v. County of Camden*,
   824 F.3d 399 (3d Cir. 2016) ...............................................................................7

*Wyatt v. BlockFi Inc.*,
   No. 3:23-cv-21306-ZNQ (D.N.J. Oct. 19, 2023) .........................................6, 12

**Statutes**

Private Securities Litigation Reform Act of 1995 ...............................4, 9, 11, 12, 14

Securities Act of 1933...................................................................................................3

Securities Act and Securities Exchange Act of 1934 ...................................................3

**Rules**

Fed. R. Civ. P. 6 ...........................................................................................................4

Fed. R. Civ. P. 21 .........................................................................................................2

Fed. R. Civ. P. 21 ..........................................................................................7, 8, 14, 15

Fed. R. Civ. P. 23 .......................................................................................................10

Fed. R. Civ. P. 54 ................................................................................................2, 6, 7

Lead Plaintiffs Pham Duy Anh, Dang; Trey Greene; and Arman Reyes (collectively the "Greene Plaintiffs"); and Cameron Wyatt ("Wyatt," and, together with the Greene Plaintiffs, "Plaintiffs") respectfully submit this memorandum of law in support of their Motion to Amend the Court's Lead Plaintiff Order and Appoint Additional Co-Lead Plaintiff and Co-Lead Counsel (the "Motion").

## I.     PRELIMINARY STATEMENT

On October 13, 2013, this Court appointed the Greene Plaintiffs as lead plaintiffs in this putative securities fraud class action. ECF No. 15 (the "Lead Plaintiff Order"). The Court found that the Greene Plaintiffs appeared to have the largest losses and that "no opposition has been filed to any" of the five competing lead plaintiff motions. *See* ECF No. 14 at 3-5.

Although the Court was correct that no oppositions were filed, it was understandably not aware that filings opposing or in further support of any motion were expressly enjoined by a stipulated injunction in the bankruptcy of BlockFi Inc. ("BlockFi" or the "Company"), which had been filed on the docket in this action. *See* ECF No. 4 (the "Stipulated Injunction" or "Stip. Inj."). The Stipulated Injunction precluded Plaintiffs at that time from filing any formal pleadings or notice with the Court that, among other things, indicated that the Greene Plaintiffs and Wyatt were planning to seek appointment as co-lead Plaintiffs in this action

1

and for their respective counsel, Squitieri & Fearon LLP ("Squitieri") and

Pomerantz LLP ("Pomerantz") to be co-lead counsel.

The bankruptcy court presiding over BlockFi's bankruptcy ("Bankruptcy

Court") has since entered a consent order granting Plaintiffs leave to file this

Motion, in which Plaintiffs respectfully request this Court amend the Lead Plaintiff

Order to name Wyatt as a co-lead plaintiff and Pomerantz as co-lead counsel. As

set forth below, this Court should grant the Motion pursuant to Rules 21 and 54(b)

of the Federal Rules of Civil Procedure (the "Rules") because (i) the Court

incorrectly inferred a lack of no opposition to the Greene Plaintiffs' lead plaintiff

motion, when filings concerning lead plaintiff motions were enjoined, and that the

Greene Plaintiffs had the largest financial stake in this action, when Plaintiffs'

combined losses result in the largest financial interest, (ii) denying the Motion

would would deprive the putative class of the resources and experience of Wyatt

and Pomerantz, who, among other things, are acting to protect the class by

challenging releases in BlockFi's bankruptcy plan, and (iii) there is no prejudice to

Defendants.

## II.    FACTUAL AND PROCEDURAL HISTORY

Trey Greene filed the initial complaint ("Complaint") in this putative

securities class action against Defendants on February 28, 2023, on behalf of

purchasers (the "Class") of BlockFi Interest Accounts ("BIAs") issued by

BlockFi.[1] ECF No. 1 ¶¶1-2.[2] As alleged in the Complaint, Defendants Prince, Marquez, and Laura were the CEO, COO, and CFO of BlockFi, respectively, and Defendant Hill served on BlockFi's board of directors with Prince, Marquez, and Laura. ¶¶15-17. Defendant Gemini is a New York based trust company that holds Plaintiffs and class members' cryptocurrency holdings. ¶18.

The Complaint alleges that Defendants (i) violated the Securities Act of 1933 ("Securities Act") by selling unregistered securities (¶¶195-202), (ii) made misrepresentations in connection with the sale of BIAs in violation of the Securities Act and Securities Exchange Act of 1934 ("Exchange Act") (¶¶203-33), (iii) violated various New Jersey state securities and consumer fraud laws (¶¶234-41, 246-52), and (iv) aided and abetted breaches fiduciary duties (¶¶242-45).

BlockFi and its debtor affiliates (collectively, the "BlockFi Debtors") filed chapter 11 petitions on November 28, 2022 and are not named as defendants in this

---

[1] Defendants are Zac Prince ("Prince"), Flori Marquez ("Marquez"), Tony Laura ("Laura"), and Gemini Trading, LLC ("Gemini," and together with Prince, Marquez, and Laura, "Defendants"). A second action alleging substantive similar claims against the same Defendants, except Gemini, is pending in the District of Massachusetts. *See Elas v. Prince, et al.*, 23-cv-10472 (D. Mass.) (the "*Elas* action" and "Elas Dkt."). Both the Greene Plaintiffs and Wyatt filed initial briefs in support of lead plaintiff motions in *Elas*. *See* Elas Dkt. Nos. 10-16. Plaintiffs have not made additional filings, nor has the district court acted, due to the Stipulated Injunction. *See* Elas Dkt. Nos. 6-7.

[2] References to "¶__" are to paragraphs in the Complaint.

action or the *Elas* action. *See* Compl. ¶177; *In re BlockFi Inc., et al.*, No. 3:22-bk-19361 (Bankr. D.N.J.) ("Bankr. Dkt."). Nevertheless, on April 6, 2023, the Bankruptcy Court so-ordered the Stipulated Injunction, which enjoined this action and the *Elas* action with only one limited exception. *See* Stip. Inj. The injunction, which was filed on the docket in this Action on April 18, 2023, only permitted the filing of initial lead plaintiff motions and expressly enjoined ***"[a]ll other actions and proceedings in or regarding the PSLRA Actions [i.e., this action and the Elas action] (including any responses to motions for appointment of lead plaintiffs, or any motions for consolidation or transfer)."[3]*** *Id.* ¶5. The injunction further provides that the stay imposed by it shall remain in effect through the 30th day after the chapter 11 plan confirmed in the BlockFi Debtors' bankruptcy becomes effective. Stip. Inj. ¶2. The "Effective Date" of the BlockFi Debtors' chapter 11 plan was October 24, 2023 (*see* Bankr. Dkt. No. 1788), thus, the stay imposed by the injunction remains in effect through November 24, 2023.[4]

Consistent with the Stipulated Injunction, the Greene Plaintiffs, Wyatt, and three other investors filed motions on April 30, 2023 and May 1, 2023 asking to be

---

[3] All emphasis is added and all internal citations and quotations are omitted unless otherwise indicated.

[4] Since November 23, 2023 is a federal holiday, the stipulation will expire the following day pursuant to Rule 6(a)(1)(C).

named lead plaintiff and for approval of their selection of lead counsel. *See* ECF

Nos. 6–10. No oppositions were filed. *See* Stip. Inj. ¶5.

On August 14, 2023, Wyatt moved to modify the Stipulated Injunction to

ensure that this Court could rule on the pending lead plaintiff motions and the

movants could make any filings that this Court may require in connection with

those motions (which may have potentially included notifying the court of

developments like the Greene Plaintiffs and Wyatt's agreement to proceed as co-

lead plaintiffs). *See* Inj. Dkt. No. 20.[5] The Bankruptcy Court was unwilling to

modify the Stipulated Injunction. *See* Inj. Dkt. No. 31.

On September 11, 2023, Wyatt sought to protect the Class in this action by

objecting to the Chapter 11 plan in BlockFi's bankruptcy. *See* Bankr. Dkt. No.

1475. The plan, as approved by the Court, purports to release claims against

Defendants, including claims for fraud, intentional misconduct, and gross

negligence, unless an investor opts *out* of the release's terms at the time the

investor votes on the bankruptcy plan. *See id.* Wyatt is the *only* putative class

member to challenge this release. Wyatt is also appealing the overruling of his

---

[5] Citations to "Inj. Dkt." are to the docket in the adversary proceeding that resulted in the Stipulated Injunction in the BlockFi bankruptcy. *See BlockFi Inc. v. Greene, et al.*, No. 23-ap-01071-MBK (Bankr. D.N.J.).

objection. Notice of Appeal, *Wyatt v. BlockFi Inc.*, No. 3:23-cv-21306-ZNQ (D.N.J. Oct. 19, 2023), ECF No. 1.

On October 13, 2023, before the Effective Date of the BlockFi Debtors' chapter 11 plan (and therefore before the Stipulation Injunction expired), this Court granted the Greene Plaintiffs' lead plaintiff motion. *See* ECF No. 15 ("Lead Plaintiff Opinion"). On October 24, 2023, the Greene Plaintiffs advised the Court by letter that Plaintiffs had been barred from fully briefing their lead plaintiff motions and from apprising the Court of their agreement to act as co-lead plaintiffs with Wyatt and for Squitieri and Pomerantz to act as co-Lead Counsel. *See* ECF No. 16. This Court then stayed the Lead Plaintiff Order for 30 days, or until November 24, 2023. *See* ECF No. 17.

On October 30, 2023, the Bankruptcy Court entered a consent order modifying the Stipulated Injunction "for the limited purpose of allowing the Plaintiffs to seek, and for the District Court in the [Greene] Litigation to enter, a determination regarding [] a modification of the Lead Plaintiff Order." Inj. Dkt. No. 32 ¶1. This Motion followed.

### III.   LEGAL STANDARD

Under Rule 54(b), any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . ***may be revised at any time***" before the entry of a final judgment. *Id.* Rule 54(b) motions should be

granted, among other reasons, "to correct a clear error of law or prevent manifest injustice." *Harding v. Jacoby & Meyers, LLP*, 2021 WL 2472323, at *2 (D.N.J. June 16, 2021); *see State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 & n.14 (3d Cir. 2016) ("the District Court has the inherent power to reconsider prior interlocutory orders . . . when it is consonant with justice to do so").

The standard for a Rule 54(b) motion is less rigorous than other motions for reconsideration. *Nichols v. MMIC Ins. Inc.*, 2015 WL 2365537, at *1 (D.S.D. May 15, 2015) (Rule 54(b) standard is "less exacting than would be a motion under Federal Rule of Procedure 59(e), which in turn is less exacting than the standards enunciated in Federal Rule of Procedure 60(b)"). This Court has recognized that "the threshold for relief from a non-final order is somewhat lower, in that the court always retains the discretion to correct itself until a final order is entered."[6] *See McLeod v. New Jersey Dep't of Corr.*, 2020 WL 6899675, at *2 n.2 (D.N.J. Nov. 23, 2020) (McNulty, J.).

Further, under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," and "[i]n evaluating the propriety of an amended pleading pursuant to [Rule 21], the Court applies the same liberal

---

[6] As the Court is well aware, "the standard fourteen-day time limit does not apply to a motion for reconsideration filed pursuant to Rule 54." *Harding v. Jacoby & Meyers, LLP*, 2021 WL 2472323, at *1 (D.N.J. June 16, 2021).

standard applicable to motions arising under [Rule 15(a) ]." *Acad. Hill, Inc. v. City of Lambertville*, 2020 WL 3642694, at *4 (D.N.J. July 6, 2020). Accordingly, a request to add a party should be granted unless "the non-moving party will be prejudiced." *See Bullock v. Ancora Psychiatric Hospital*, 2012 WL 12897881 at *4 (D.N.J. December 20, 2012).

As set forth below, granting the Motion ameliorates any error in prematurely appointing a lead plaintiff while the Stipulated Injunction had stayed this case and before the parties could finish briefing their lead plaintiff motions or notify the Court of their agreement to serve as co-lead plaintiffs and co-lead counsel. Further, granting the Motion also alleviates the injustice of denying the putative class the benefit of (i) a group of co-lead plaintiffs with massive losses from Defendants' alleged fraud who have demonstrated that they will vigorously pursue this action and (ii) co-lead counsel well-versed in securities class actions and with resources to litigate through trial. Finally, this action is in its early stages and there is no prejudice to Defendants, thus granting the Motion is consistent with Rule 21.

## IV.   ARGUMENT

### A. Ruling on Lead Plaintiff Motions While the Greene Plaintiffs and Wyatt Were Precluded from Completing Briefing Was Premature.

This Court appeared to grant the Greene Plaintiffs' motion to be appointed lead plaintiff because it determined that they collectively had the largest loss of any

movant and "no opposition has been filed to the [Greene Plaintiffs'] motion (or the other motions)." *See* ECF No. 14 at 10.

Plaintiffs respectfully submit that the Court's inference that there were no oppositions or other developments when it granted the Greene Plaintiffs' motion was incorrect because it overlooked that Plaintiffs were limited to filing initial motions for lead plaintiff. *See* Stip. Inj. ¶ 5 ("[a]ll other actions and proceedings in or regarding the PSLRA Actions [*i.e.*, this action and the *Elas* action] (including any responses to motions for appointment of lead plaintiffs, or any motions for consolidation or transfer"). Absent the Stipulated Injunction, Plaintiffs would have continued briefing their motions or alerted the Court to their agreement to act as co-lead plaintiffs and co-lead counsel. Indeed, Wyatt unsuccessfully sought to modify the injunction to continue briefing. *See, e.g., BlockFi Inc., et al., v. Greene, et al.*, No. 23-ap-1071 (Bankr. D.N.J. August 28, 2023), Dkt. Nos. 20-31.

Plaintiffs respectfully submit that on the full record created here, the Court should grant the Motion.

## B. Granting the Motion Optimizes the Representation of the Class By Adding Wyatt and Pomerantz.

As this Court is well aware, in evaluating lead plaintiff motions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs courts to "adopt a rebuttable presumption that:

the most adequate plaintiff is the person or group of persons that has (1) either filed the complaint or made a motion in response to the notice to the class; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23."

*Greene v. Prince*, 2023 WL 6785119, at *2 (D.N.J. Oct. 13, 2023) (McNulty, J.).

Wyatt has moved to be a lead plaintiff in this action and satisfies the requirements of Rule 23. *See* ECF No. 7-2 at 7. In addition, the presumption in favor of the movant with the largest financial interest is because litigants with "multimillion-dollar interests in securities class actions . . . have every incentive to make sure that class counsel are doing a good job prosecuting their claims." *See In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005). Wyatt has a loss of $4,135,900, which dwarfs the loss of any other individual movant. In addition, Wyatt and the Greene Plaintiffs' losses are greater than any other movant's:

| Movant | Losses |
|---|---|
| Plaintiffs | $8,825,994.06 |
| Wyatt | $4,135,900 |
| Greene Plaintiffs<br>• Dang: $2,243,602.06<br>• Greene: $1,586,492<br>• Greene: $400,000<br>• Reyes: $460,000 | $4,690,094.06 |
| Greene and Reyes<br>• Greene: $1,986,492<br>• Reyes: $460,000 | $2,446,492 |
| Elas | $425,000 |
| Baron | $417,694.50 |

*See* ECF Nos. 6-11; *Greene*, 2023 WL 6785119 at *2.

Further, the Supreme Court and the PSLRA permit the appointment of groups of investors as co-lead plaintiffs, and courts in this Judicial District and nationwide have recognized the myriad benefits that of such groups provide to a class.  *See*, *e.g.*, *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018); *In re Lucent Techs. Sec. Litig.*, 221 F. Supp. 2d 472, 483 (D.N.J. 2001) ("additional representation may benefit the class and provide flexibility, if needed, in the future."); *Lang v. Tower Grp. Int'l, Ltd.*, 2014 WL 12779212, at *3 (S.D.N.Y. June 17, 2014) ("A co-lead structure can 'have the salutary effect of providing greater stability in the prosecution of [the litigation] should a decision be reached at some later stage in the litigation that either co-lead plaintiff will not adequately represent the class."); *Dolan v. Axis Cap. Holdings Ltd.*, 2005 WL 883008, at *5 (S.D.N.Y. Apr. 13, 2005) (co-lead plaintiffs "will be able to pool financial resources, knowledge, and experiences, and may also reap the benefits of joint decision-making when pressed with difficult choices.").

Here, Plaintiffs constitute precisely the sort of group that courts find beneficial. As set forth above, Plaintiffs collectively incurred losses of over ***$8.83 million*** in connection with the fraud alleged in this action, giving them a massive stake in the outcome of this litigation that will ensure its vigorous prosecution.  *See Dolan*, 2005 WL 883008, at *4. Wyatt also has demonstrated his commitment to prosecuting this action and protecting the Class by objecting to the Chapter 11 plan

in BlockFi's bankruptcy, which purports to release claims against Defendants—even for fraud, intentional misconduct, and gross negligence—unless an investor affirmatively opts *out* of the release. *See* Bankruptcy Docket No. 1475. Wyatt is also appealing the overruling of his objection. Notice of Appeal, *Wyatt v. BlockFi Inc.*, No. 3:23-cv-21306-ZNQ (D.N.J. Oct. 19, 2023), ECF No. 1.

Courts have likewise recognized the benefits of approving more than one firm as co-lead counsel in PSLRA actions. *See*, *e.g.*, *In re Oxford Health Plans, Inc. Secs. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (appointing leadership structure consisting of multiple law firms, finding "such a structure will allow for pooling, not only of knowledge and experience, but also of the resources of the plaintiffs' counsel in order to support what could prove to be a costly and time-consuming litigation"); *In re Tyco Int'l, Ltd.*, 2000 WL 1513772, at *9 (D.N.H. Aug. 17, 2000) (coordinated prosecution of action by multiple law firms "may provide the purported class with the benefits of combined resources or expertise, which may be especially valuable in a complex case").

Here, as its firm resume reflects, Pomerantz has significant experience litigating securities class actions. *See* ECF No. 72-3 at 19-75. Adding Pomerantz as a co-lead counsel will permit it to pool its resources and experience together with Squitieri's, to the benefit of the putative Class. Indeed, Pomerantz is representing Wyatt in BlockFi's bankruptcy, including by retaining bankruptcy

counsel on his behalf, appearing at the hearing for his motion seeking to modify the Stipulated Injunction, and drafting and filing his appeal papers. Because of Pomerantz's resources, Wyatt is the *only* putative Class member to object to BlockFi's bankruptcy plan—which seeks to vitiate the Class's claims—or retain separate bankruptcy counsel. In addition, given their experience, Greene's Counsel and Pomerantz can establish a cohesive leadership structure that will enable them to quickly make tactical decisions and assign tasks to the best-suited attorneys. This ensures that the action is prosecuted expeditiously and efficiently, with no duplication of effort or fees.

Finally, courts routinely endorse co-leadership stipulations proposed after the statutory deadline by previously competing lead plaintiff movants. *See*, *e.g.*, *In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 568, 570 (D.N.J. 2006) (holding that "two movants, each of whom filed a motion and certification within the sixty-day deadline" could "unite after the expiration of the sixty-day period" and appointing co-lead plaintiff group represented by two firms as co-lead counsel). Indeed, this Court recently appointed Pomerantz as co-lead counsel with two other firms in a securities class action where the group obtained a $13 million settlement. *See* Final Judgment & Order of Dismissal, *Ortiz v. Canopy Growth Corporation*, No. 2:19-cv-20543-KM-ESK (D.N.J. Jun. 7, 2022) (ECF No. 100).

Since the Class will benefit from Wyatt's interest in and demonstrated willingness to vigorously prosecute this action, as well as from Pomerantz's resources and experience, it would be of great benefit to the Class to allow Wyatt and the Greene Plaintiffs to proceed as co-lead plaintiffs represented by Squitieri and Pomerantz as co-lead counsel.

## C. There is No Prejudice to Defendants Granting the Motion

The Court should grant the Motion pursuant to FRCP 21 because Wyatt's claims are not futile and Defendants are not prejudiced by adding Wyatt as a co-lead plaintiff and Pomerantz as co-lead counsel. "In analyzing whether a party may amend to add new parties, the Court must ascertain whether the additions will be futile or result in prejudice to other parties." *Acad. Hill, Inc.*, 2020 WL 3642694, at *4 (D.N.J. July 6, 2020). Wyatt's claims are identical to the Greene Plaintiffs' and the Class, and the Court has not evaluated any claims in this action, thus Wyatt's claims cannot be deemed futile at this stage.

In addition, this action is in its early stages, discovery is stayed under the PSLRA, and the parties have yet to begin discussing a schedule for filing an amended complaint or briefing a motion to dismiss. There is no delay or lack of diligence on the part of Plaintiffs, as the Bankruptcy Court refused to grant Plaintiffs relief from the Stipulated Injunction to allow briefing that would have alerted this Court to the agreement between the Greene Plaintiffs and Wyatt to act

as co-Lead Plaintiffs. *See, e.g.*, *BlockFi Inc., et al., v. Greene, et al.*, No. 23-ap-1071 (Bankr. D.N.J. August 28, 2023), Dkt. Nos. 20-31. Finally, adding Wyatt and Pomerantz is justified—it will benefit the Class for the reasons set forth in Section IV.B *supra*. *See Igo v. Sun Life Assurance Co. of Canada*, 652 F. Supp. 3d 929, 936 (S.D. Ohio 2023) (granting relief under Rule 21 where there is no prejudice or delay and there is a justification for relief).

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court amend the Lead Plaintiff Order to appoint Wyatt as co-lead plaintiff and his counsel Pomerantz as co-lead counsel with Squitieri in this action.

Dated:  November 16, 2023                      Respectfully submitted,


**POMERANTZ LLP**


By: *Brian Calandra*

Brian Calandra
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: bcalandra@pomlaw.com

**SQUITIERI & FEARON, LLP**

By: *Lee Squitieri*
Lee Squitieri
305 Broadway, 7th Floor
New York, New York 10007
(212) 421-6492
lee@sfclasslaw.com

*Proposed Co-Lead Counsel for*
*Proposed Lead Plaintiffs and the Class*

**MOORE KUEHN, PLLC**

Fletcher Moore
Justin Kuehn
30 Wall Street, 8th Floor
New York, New York 10005
(212) 709-8245
fmoore@moorekuehn.com
jkuehn@moorekuehn.com

**BRONSTEIN, GEWIRTZ &**
**GROSSMAN, LLC**

Peretz Bronstein
(pro hac vice application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Proposed Co-*
*Lead Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November 2023, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all served parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Brian Calandra*
Brian Calandra