# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE BLOCKFI, INC. SECURITIES LITIGATION | Case No. 2:23-cv-01165-CCC-LDW |
| THIS DOCUMENT RELATES TO: | ALL ACTIONS |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of February 3, 2025 ("Stipulation"), is entered into by and among: (a) Co-Lead Plaintiffs Cameron Wyatt, Trey Greene, Pham Duy Anh Dang, and Arman Reyes (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); and (b) Defendants Zachary Prince, Flori Marquez, Tony Lauro, Jennifer Hill, Amit Cheela, David Olsson, and Samia Bayou (collectively, "Defendants") (together with Plaintiffs, the "Parties"). This Stipulation embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.     On November 28, 2022, BlockFi, Inc., and certain of its affiliates (as defined below, "BlockFi," or the "Company"), filed for bankruptcy under chapter 11 of the United States bankruptcy code in the United States Bankruptcy Court for the District of New Jersey (the

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

"Bankruptcy Court") in a case captioned *In re BlockFi Inc., et al.,* Bankr. Case No. 22-19361-MBK (D.N.J.) ("BlockFi Bankruptcy").

B.      On February 28, 2023 a class action complaint was filed in the United States District Court for the District of New Jersey ("NJ Court") styled *Greene v. Prince, et al.*, No. 2:23-cv-01165-CCC-LDW (the "NJ Securities Litigation"), and on March 1, 2023, a class action complaint was filed in the District Court for the District of Massachusetts (the "MA Court") styled *Elas v. Prince, et al.*, No. 1:23-cv-10472-IT ("MA Securities Litigation," and, "together with the NJ Securities Litigation, the "Securities Class Actions").

C.      On March 13, 2023, BlockFi commenced an adversary proceeding, captioned *In re BlockFi Inc., et al. v. Greene*, 23-ap-1071-MBK (the "Adversary Proceeding"), against the named plaintiff in each of the Securities Class Actions. The Adversary Proceeding was resolved when the Bankruptcy Court entered an Agreed Stipulation and Order Granting Preliminary Injunction and Related Relief on April 6, 2023, which generally enjoined the continued prosecution of the Securities Class Actions. Adversary Proceeding Dkt. No. 16 ("Stipulated Injunction"). The Stipulated Injunction expired on November 24, 2023.

D.      On August 3, 2023, BlockFi filed its Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code was filed by. Bankr. Dkt. 1309 (the "Plan").

E.      On September 11, 2023, Lead Plaintiff Cameron Wyatt ("Wyatt") objected to the Plan. Bankr. Dkt. 1475 (the "Objection").

F.      On September 26, 2023, the Bankruptcy Court overruled the Objection and approved the Plan. The order approving the Plan was filed on October 3, 2023. Bankr. Dkt. Nos. 1655, 1660 (the "Order").

G.      On October 17, 2023, Wyatt appealed the overruling of his objection in the Order. Bankr. Dkt. No. 1745 (the "Bankruptcy Appeal"). The Bankruptcy Appeal was docketed with the caption *Cameron Wyatt v. BlockFi Inc., et al.*, No. 3:23-cv-21306 (D.N.J.) (the "Bankruptcy Appeal").

H.      By Order dated December 13, 2023, the NJ Court appointed Plaintiffs as co-lead plaintiffs in the NJ Securities Litigation and appointed Pomerantz LLP and Squitieri & Fearon, LLP as co-lead counsel. Dkt. No. 21 ("Lead Counsel").

I.      By Order dated January 25, 2024, the MA Court appointed Plaintiffs as co-lead plaintiffs in the MA Securities Litigation. MA Securities Litigation Dkt. No. 22.

J.      By Order dated February 21, 2024, the MA Court transferred the MA Securities Litigation to the NJ Court, where it bore the caption *Elas v. Prince, et al.*, No. 2:24-cv-01050-CCC-LDW. *Id.* Dkt No. 30.

K.      By Order dated April 16, 2024, the NJ Court consolidated the Securities Class Actions under the caption *In re BlockFi Inc. Securities Litigation*, No. 2:23-cv-01165-CCC-LDW (D.N.J.). Dkt. No. 30 (the "Action").

L.      On May 22, 2024, the parties participated in a full-day mediation session before David Murphy, Esq. In advance of that session, the Parties exchanged and provided to Mr. Murphy detailed mediation statements and exhibits, which addressed the issues of liability and damages.

M.      On November 7, 2024, the parties reached an agreement in principle to settle the Action for $13,250,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary stipulation and agreement of settlement and related papers.

N.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

O.    Based upon their investigation and prosecution and mediation of this Action, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate, and in the best interests of Plaintiffs and the Settlement Class. Plaintiffs agreed to settle and release the claims raised in this Action pursuant to the terms and provisions of this Stipulation after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

P.    This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by

Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a.      The "Action" means the consolidated securities class action styled *In re BlockFi Inc. Securities Litigation*, No. 2:23-cv-01165-CCC-LDW, and includes all actions consolidated therein.

b.      "Authorized Claimant" means a Settlement Class Member who the Claims Administrator determines is eligible to receive a distribution from the Net Settlement Fund and that is approved by the Court for payment from the Net Settlement Fund.

c.      "Bankruptcy Approval Motion" means the motion filed by the Wind Down Debtors (as defined below) in the BlockFi Bankruptcy, which the Bankruptcy Court approved, for the remaining proceeds of the Pre-File Date Sublimit pursuant to Endorsement 3 of the Policy (DON G71101320 001) to be used to effectuate the settlement terms described herein (the "Bankruptcy Approval Motion").

      d.     "Bankruptcy Court" means the United States Bankruptcy Court for the District of New Jersey.

      e.     "BlockFi" means BlockFi Inc., BlockFi Lending LLC, BlockFi International Ltd., and all affiliated entities, including affiliates BlockFi Trading LLC; BlockFi Wallet LLC; BlockFi Ventures LLC; BlockFi Investment Products LLC; BlockFi Services, Inc., BlockFi Lending II LLC, BlockFi Interest LLC, BlockFi Management LLC, BlockFi Services LLC, BlockFi NB LLC, BlockFi Holding UK Limited, BlockFi International LLC, BlockFi Cayman LLC, BlockFi UK Limited, and BlockFi Asia PTE. LTD.

      f.     "BlockFi Bankruptcy" means the bankruptcy petition filed by BlockFi pursuant to chapter 11 of the bankruptcy code in the United States Bankruptcy Court for the District of New Jersey captioned *In re BlockFi Inc., et al.,* Bankr. Case No. 22-19361-MBK.

      g.     "BlockFi Interest-Bearing Accounts" means BlockFi interest-bearing accounts (including the products referred to as BlockFi Interest Accounts, BlockFi Private Yield, and the BlockFi Private Client program).

      h.     "Claim" means a BlockFi Interest Bearing Account reviewed by the Claims Administrator.

      i.     "Claimant" means a Person or entity with a BlockFi Interest Bearing Account.

      j.     "Claims Administrator" means the BlockFi Wind-Down Debtors under the oversight of the court-appointed Plan Administrator and Oversight Board, who, subject to approval of the NJ Court, will provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

k.     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

l.     "Complaint" means the class action complaint filed in the Action on February 28, 2023. Dkt. No. 1.

m.     "Court" means the United States District Court for the District of New Jersey.

n.     "Defendants" means Zachary Prince, Flori Marquez, Tony Lauro, Jennifer Hill, Amit Cheela, David Olsson, and Samia Bayou.

o.     "Defendants' Counsel" means Allen Overy Shearman Sterling US LLP and Archer & Greiner, P.C.

p.     "Defendants' Releasees" means the Defendants, the Defendants' insurer(s), the Defendants' Counsel, all Persons and entities named as defendants in any complaint filed in or consolidated into the Securities Class Actions, and any of their respective parents, subsidiaries, and affiliates (and all of their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, employers, agents, servants, representatives, partners, limited partners, heirs, advisors, and attorneys, in their capacities as such, and each of their respective heirs, executors, administrators, successors, and assigns).

q.     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

r.      "Escrow Account" means an account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

s.      "Escrow Agent" means Huntington National Bank.

t.      "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

u.      "Excluded Claims" means (i) any claims of any Person or entity who or which submits a request for exclusion that is accepted by the Court; and (ii) any claims relating to enforcement of the Settlement.

v.      "Final," with respect to the Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, expenses, awards to Plaintiffs or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

w.      "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

x.      "Insurers" means ACE American Insurance Company, Arch Insurance Company, Axis Insurance Company, Berkley Insurance Company, Berkshire Hathaway Specialty Insurance Company, Endurance American Specialty Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., U.S. Specialty Insurance Company, and XL Specialty Insurance Company.

y.      "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

z.      "Lead Counsel" means Pomerantz LLP and Squitieri & Fearon, LLP.

aa.     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

bb.     The "MA Court" means the United States District Court for the District of Massachusetts.

cc.     The "MA Securities Litigation" means the action filed in the MA Court styled as *Elas v. Prince, et al.*, No. 1:23-cv-10472-IT (D. Mass.).

dd.     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any award to Lead Plaintiffs approved by the Court.

ee.    The "NJ Court" means the United States District Court for the District of New Jersey.

ff.    The "NJ Securities Litigation" means the action filed in the NJ Court styled *Greene v. Prince, et al.*, No. 2:23-cv-01165-CCC-LDW (D.N.J.).

gg.    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action substantially in the form attached hereto as Exhibit 1 to Exhibit A, which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

hh.    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

ii.    "Parties" means Defendants and Plaintiffs (individually and on behalf of the Settlement Class).

jj.    "Person" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

kk.    "Plaintiffs" means Co-Lead Plaintiffs Cameron Wyatt, Trey Greene, Pham Duy Anh Dang, and Arman Reyes.

ll.     "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action, including Bronstein, Gewirtz & Grossman, LLC, Andrews DeValerio LLP, Moore Kuehn, PLLC and Lowenstein Sandler LLP.

mm.     "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Securities Class Actions, their respective attorneys, and all other Settlement Class members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

nn.     "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

oo.     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

pp.     "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 and 15 U.S.C. § 77z-1, as amended.

qq.     "Postcard Notice" means the abridged form of notice substantially in the form attached hereto as Exhibit 3 to Exhibit A advising recipients of the Settlement Hearing, directing recipients to the Settlement website, and instructing them how to receive the Notice and other important documents, which may be disseminated to Settlement Class Members in lieu of mailing if Lead Counsel determines that to be more efficient and in the interests of Settlement Class Members.

rr.     "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

ss.    "Released Defendants' Claims" means upon the Effective Date, the Defendants, the Defendants' insurer(s), Defendants' Counsel, all Persons and entities named as defendants in any complaint filed in or consolidated into the Securities Class Actions, and any of their respective parents, subsidiaries, and affiliates (and all of their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, employers, agents, servants, representatives, partners, limited partners, heirs, advisors, and attorneys, in their capacities as such, and each of their respective heirs, executors, administrators, successors, and assigns), will release as against Plaintiffs' Releasees (as defined above), all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Securities Class Actions against the Defendants. Released Defendants' Claims do not include (i) any claims relating to the enforcement of the Settlement, or (ii) any claims against any Person or entity who or that submits a request for exclusion from the Settlement Class that is accepted by the Court.

tt.    "Released Plaintiffs' Claims" means upon the Effective Date, Plaintiffs and the other members of the Settlement Class will release as against the Defendants' Releasees (as defined above), all claims, causes of action, demands, losses, and rights of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class (or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such): (i) asserted in the Securities Class Actions; (ii) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, any of the allegations,

transactions, facts, events, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Securities Class Actions; (iii) could have asserted in any other forum that arise out of or are based upon, in any way, directly or indirectly, any investment, deposit of assets or any other relationship with BlockFi; and/or (iv) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, the Defendants' and/or their attorneys' defense or settlement of the Securities Class Actions and/or the claims alleged therein. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any Person or entity who or that submits a request for exclusion that is accepted by the Court; and (iii) any claims submitted in the BlockFi bankruptcy by Plaintiffs or other members of the Settlement Class, including, but not limited to, any scheduled or filed proofs of claim in BlockFi's bankruptcy by Plaintiffs or other members of the Settlement Class..

uu.     "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

vv.     "Releases" means the releases set forth in ¶¶ 4-7 of this Stipulation.

ww.     "Securities Class Actions" means the MA Securities Litigation and the NJ Securities Litigation.

xx.     "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

yy.     "Settlement Amount" means $13,250,000 in cash.

zz.     "Settlement Class" means all Persons or entities who invested, deposited, or otherwise acquired assets in BlockFi Interest-Bearing Accounts between January 1, 2019 to November 28, 2022, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are Defendants, the officers and directors of BlockFi, at all

relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court.

aaa.    "Settlement Class Member" means each Person and entity who or which is a member of the Settlement Class.

bbb.    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

ccc.    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

ddd.    "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit 2 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

eee.    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

fff.    "Unknown Claims" means any claims that the Person or entity providing a release (including Released Plaintiffs' Claims that Plaintiffs and other Settlement Class Members are providing, Released Defendants' Claims that Defendants are providing) does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, that, if known by

him, her or it, might have affected his, her or its decision(s) with respect to the Settlement of the Action. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the alternate judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of the Action.

ggg.    "Wind Down Debtors" means BlockFi Inc. and its co-debtors in the Chapter 11 cases styled *In re BlockFi Inc.,* Case No. 22-19361, operating under a confirmed Chapter 11 plan.

## **CLASS CERTIFICATION**

2.    Solely for the purposes of and in connection with this Settlement, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as class representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the Settlement Class Members, on behalf of themselves, and on behalf of any other Person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. This release shall not apply to any Excluded Claim.

6.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other Person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants in such

capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any Excluded Claim.

7.     Notwithstanding ¶¶ 4-6 above, nothing in the Judgment, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, the Insurers will cause the payment of thirteen million, two hundred and fifty thousand U.S. Dollars ($13,250,000) to be paid into the Escrow Account within thirty (30) days following (i) entry of the Preliminary Approval Order, (ii) the approval by the Bankruptcy Court of the Bankruptcy Approval Motion and that approval becoming non-appealable, (iii) the provision by the Wind Down Debtors' counsel of all required funding information and Form W-9, (iv) the receipt of the name of a contact person with phone number who can verbally verify the payment instructions, and (v) verbal verification of the contact instructions by the contact provided. (If that deadline falls on a weekend or holiday, the funds shall be due on the next business day.)

## USE OF SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs (except for payment for the CAFA notice as discussed in ¶ 57); (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any reimbursement of Lead

Plaintiff's costs and expenses awarded by the Court. The balance remaining in the Settlement Fund, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 20-30 below.

10.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any

such Taxes. Upon written request, the Insurers will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.　　All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.　　The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Insurer, Defendant, Defendants' Releasee, or any other Person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable not to exceed $100,000 before the Effective Date. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, posting downloadable copies of the Notice on the settlement website, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to the Insurers, Defendants, any of the other Defendants' Releasees, or any other Person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES, LITIGATION EXPENSES, AND LEAD PLAINTIFF AWARD

15.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Lead Counsel (inclusive of expenses and any incentive awards to Plaintiffs) of up to $2.7 million to be paid solely from (and out of) the Settlement Fund. Defendants, the Insurers, or the Wind-Down Debtors will not oppose this fee application. It is understood that whatever amount is awarded by the federal United States District Court for the District of New Jersey (the "Court") is within the sole discretion of the Court, and if the award is less than the amount sought by Lead Plaintiffs' counsel, this will not be a basis for setting aside the Settlement.

16.     Any attorneys' fees that are awarded by the Court shall be paid immediately upon an award by the district court of attorneys' fees, notwithstanding any appeals that may be taken, subject to the obligation of counsel who receive any award of attorneys' fees and expenses to make full refunds or repayments to the escrow account, plus accrued interest at the same rate as earned by the escrow account, if the award is lowered or the settlement is disapproved by a final nonappealable order. Defendants and Insurers shall have no involvement or responsibility concerning the mechanics of paying Lead Counsel's attorneys' fees and expenses following approval by the Court. An award of attorneys' fees or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees or Litigation Expenses.

17.     Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees. The attorneys' fees that are awarded to Lead Counsel shall be payable solely from the Settlement Fund in the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any Person or entity, including, but not limited to,

Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms. To assist in dissemination of notice, BlockFi will cooperate in obtaining records of holders of BlockFi's Interest-Bearing Accounts containing the identity of Settlement Class Members, including names, addresses, email addresses (to the extent email addresses are available), and transaction records of Settlement Class Members and nominees or custodians that exist in such records ("Settlement Class Information"). BlockFi shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Plaintiffs, no later than ten (10) days after the Court enters the Preliminary Approval Order, records containing the Settlement Class Information in electronic searchable form, such as Excel if a party other than the Wind-Down Debtors are appointed the Claims Administrator. The Parties acknowledge that any information provided to Lead Counsel by BlockFi pursuant to this Paragraph shall be treated as confidential and will be used by Lead Counsel solely to deliver the Postcard Notice and/or implement the Settlement, including the Plan of Allocation.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice by first-class mail and (to the extent possible) email the direct link to the Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Summary Notice online at www.blockfisecuritiessettlement.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

20.    The Claims Administrator shall determine first, the amount of each valid Claim based on BlockFi's books and records, including the record of allowed claims in BlockFi's Chapter

11 proceedings, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.    Any Settlement Class Member entitled to receive any distribution from the Net Settlement Fund will be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement, unless that Settlement Class Member excludes himself from the Settlement by submitting a valid request for exclusion in accordance with the requirements set by the Court that is accepted by the Court.

23.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No

Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim in the interests of achieving substantial justice.

24.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the Claims Administrator will review the records of BlockFi Interest Bearing Accounts, including the record of allowed claims associated with such accounts in the Chapter 11 proceedings, and identify Settlement Class Members eligible to receive *pro rata* distributions from the Net Settlement Fund. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. A Settlement Class Member eligible to receive a *pro rata* distribution from the Net Settlement Fund will automatically receive a distribution from the Net Settlement Fund unless that Settlement Class Member excludes himself from the Settlement by submitting a valid request for exclusion in accordance with the requirements set by the Court that is accepted by the Court.

a.     If any Claimant desires to contest their *pro rata* distribution from the Net Settlement Fund, the Claimant must, within fourteen (14) days after the date of receiving notice of their *pro rata* distribution, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting their *pro rata* distribution along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a *pro rata* distribution cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

26.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the *pro rata* distributions; and (b) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

28.     If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, if economically feasible,

after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to the Howard University School of Law Investor Justice and Education Clinic (IJEC), Room G18, Notre Dame Hall, 2900 Van Ness Street, NW Washington, D.C. 20008.

29. Plaintiffs and Defendants, and their respective counsel, Plaintiffs' damages expert, the Claims Administrator and/or any other agent designated by Lead Counsel, the Releasees and/or their respective counsel, shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court, or the determination, administration, calculation, or payment of any claim by the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30. All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

32.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a.      the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

b.      the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

c.      Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 35 below); and

d.      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) the Court disapproves the Settlement; or (iii) the Effective Date as to the Settlement otherwise fails to occur, then:

a.      The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

b.      Plaintiffs and Defendants shall revert to their respective positions in the Action as of August 9, 2024.

c.      The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 36 and 55, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

d.      Within seven (7) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing, shall be refunded by the Escrow Agent to Defendants' Counsel (or such other Persons or entities as Defendants' Counsel may direct).

35.      Defendants, in their sole discretion, shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement (the "Supplemental Termination Option"). The Supplemental Agreement, which is being executed concurrently herewith, is confidential and shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) or to any Person

other than the named Parties and their representatives unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

<u>**NO ADMISSION OF WRONGDOING**</u>

36.    Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not

have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

        c.     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

### MISCELLANEOUS PROVISIONS

37.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

38.    Defendants warrant that, as to the payments made or to be made on their behalf, at the time of entering into this Stipulation and at the time of such payment, to their knowledge any Persons or entities making or contributing to the payment of the Settlement Amount were not insolvent, nor will the payment required to be made by or on behalf of Defendants render any such Persons or entities insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.

39.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.

Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by David Murphy, Esq., and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

40.     Defendants retain their right to deny that the claims asserted in the Action were meritorious and Plaintiffs retain their right to assert that their claims in the Action were meritorious. However, in any statement made on a website, social media, to the public, or to any media representative (whether or not for attribution), Defendants and their counsel will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. Similarly, in any statement made on a website, social media, to the public, or to any media representative (whether or not for attribution), Plaintiffs and their counsel will not assert that the Action was defended in bad faith, nor will they deny that Defendants defended the Action in good faith and that the Action is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongdoing or sanctionable or actionable conduct by either Party concerning the commencement, prosecution, defense, and resolution of the Action,

and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

41.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

42.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

43.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court), and the distribution of the Net Settlement Fund to Settlement Class Members.

44.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

45.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. Plaintiffs and Defendants are also parties to a confidential settlement agreement (the "Related Settlement Agreement") that includes the terms of a settlement of litigation brought against the Insurers, captioned *BlockFi Inc. as the Wind Down Debtors v. Ace American Ins. Co., et al.*, No. 24-01067 (Bankr. D.N.J.) (the "Insurance Litigation"). The Related Settlement Agreement contains the settlement terms for the Insurance Litigation as well as certain settlement terms concerning this Action that are contained in this Stipulation. For the avoidance of doubt,

should there be any conflict between the Related Settlement Agreement and this Stipulation as to Plaintiffs' or Defendants' rights and obligations, the Stipulation shall take precedence. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

46.    This Stipulation may be executed in one or more counterparts, including by a .pdf or .tif image of the signature via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

47.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

48.    The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New Jersey without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

49.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court, the United States District Court for the District of New Jersey.

50.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

51.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

52.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

53.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| If to Plaintiffs or Lead Counsel: | POMERANTZ LLP |
| | Attn: Brian Calandra |
| | 600 Third Avenue, 20th Floor |
| | New York, New York 10016 |
| | (212) 661-1100 |
| | bcalandra@pomlaw.com |
| | |
| If to Defendants or Defendants' Counsel: | ALLEN OVERY SHEARMAN STERLING US LLP |
| | Dan Gold |
| | The Link at Uptown |
| | 2601 Olive St., 17th Floor |
| | Dallas, TX 75201 |
| | Dan.Gold@shearman.com |
| | 214-271-5821 |

54.    Except as otherwise provided herein, each Party shall bear its own costs.

55.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use

their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential except as required by applicable law.

56.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

57.    Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act of 1995, 28 U.S.C. § 1715 ("CAFA"). Defendants shall notify Lead Counsel as to the completion of any CAFA notice. Defendants shall bear all cost and expenses associated with providing CAFA notice.

58.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of _February 3,_ , 2025.

**SIGNED:**

POMERANTZ LLP

_(signature)_

Jeremy A. Lieberman (*pro hac vice*)
Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044

The Link at Uptown
2601 Olive St., 17th Floor
Dallas, TX 75201
jalieberman@pomlaw.com
bealandra@pomlaw.com
214-271-5831

**SQUITIERI & FEARON, LLP**

Lee Squitieri
305 Broadway, 7th Floor
New York, New York 10007
(212) 421-6492
lee@sfclasslaw.com

*Co-Lead Counsel for Lead Plaintiffs Cameron Wyatt, Trey Greene, Pham Duy Anh Dang, and Arman Reyes*


**ALLEN     OVERY     SHEARMAN STERLING US LLP**

Thad Behrens
Dan Gold
The Link at Uptown
2601 Olive St., 17th Floor
Dallas, TX 75201
Dan.Gold@shearman.com
214-271-5821
thad.behrens@shearman.com
214-271-5812

*Attorneys for Defendants Zac Prince, Flori Marquez, Tony Lauro, Jennifer Hill, Amit Cheela, David Olsson, and Samia Bayou*

jalieberman@pomlaw.com
bcalandra@pomlaw.com

**SQUITIERI & FEARON, LLP**

Lee Squitieri
305 Broadway, 7th Floor
New York, New York 10007
(212) 421-6492
lee@sfclasslaw.com

*Co-Lead Counsel for Lead Plaintiffs Cameron Wyatt, Trey Greene, Pham Duy Anh Dang, and Arman Reyes*

**ALLEN        OVERY        SHEARMAN STERLING US LLP**

Thad Behrens
Dan Gold
The Link at Uptown
2601 Olive St., 17th Floor
Dallas, TX 75201
Dan.Gold@shearman.com
214-271-5821
thad.behrens@shearman.com
214-271-5812

*Attorneys for Defendants Zac Prince, Flori Marquez, Tony Lauro, Jennifer Hill, Amit Cheela, David Olsson, and Samia Bayou*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE BLOCKFI, INC. SECURITIES LITIGATION | Case No. 2:23-cv-01165-CCC-LDW |
| THIS DOCUMENT RELATES TO: | ALL ACTIONS |

## [PROPOSED] ORDER PRELIMINARILY
## <u>APPROVING SETTLEMENT AND PROVIDING FOR NOTICE</u>

WHEREAS, a consolidated securities class action is pending before this Court entitled *In re BlockFi Inc. Securities Litigation*, No. 2:23-cv-01165-CCC-LDW (D.N.J.) ("Litigation");

WHEREAS, (a) Pham Duy Anh, Dang; Trey Greene; Arman Reyes; and Cameron Wyatt (collectively, "Plaintiffs"), through Lead Counsel,[1] on behalf of themselves and the Settlement Class, and (b) defendants Zachary Prince, Flori Marquez, Tony Lauro, Jennifer Hill, Amit Cheela, David Olsson, and Samia Bayou (collectively, "Defendants," and together with Plaintiffs, the "Parties"), have determined to fully, finally, and forever compromise, settle, release, resolve, relinquish, waive and discharge each and every Released Claim against each of the Defendants and Releasees on the terms and conditions set forth in the Stipulation of Settlement dated February 3, 2025 ("Stipulation") subject to approval of this Court ("Settlement")[2];

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for

---

[1] "Lead Counsel" means the law firms of Pomerantz LLP and Squitieri & Fearon, LLP, or their respective successors.

[2] Capitalized terms not defined herein shall have the meanings assigned to them in the Stipulation.

purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and (c) finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    Unless otherwise defined herein, all capitalized words and defined terms contained herein shall have the same meanings as they have in the Stipulation.

2.    **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Litigation is hereby preliminarily certified on behalf of a Settlement Class consisting of all Persons or entities who invested, deposited, or otherwise acquired assets in BlockFi Interest-Bearing Accounts[3] between January 1, 2019 to November 28, 2022, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants, the officers and directors of

---

[3] "BlockFi Interest-Bearing Accounts" means BlockFi interest-bearing accounts (including the products referred to as BlockFi Interest Accounts, BlockFi Private Yield, and the BlockFi Private Client program).

BlockFi, at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court.

3.    **Class Findings** – Solely for purposes of the proposed Settlement of this Litigation, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the number of Settlement Class Members are so numerous that their joinder in the Litigation would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Litigation are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

4.    The Court hereby finds and concludes that, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and also certifies them as class representatives for the Settlement Class. The Court appoints Lead Counsel as Class

Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

6. **Final Approval Hearing** – The Court will hold a Final Approval Hearing ("Final Approval Hearing") on _____, 20__ [a date that is at least 100 calendar days from the date of this Order], at __:__ _.m. at the United States District Court for the District of New Jersey, Honorable Claire C. Cecchi, U.S.D.J., Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom 5B, Newark, NJ 07101, to determine: (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class Members and should be approved by the Court; (ii) whether a Judgment as defined in ¶ 1.y of the Stipulation should be entered; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate to the Settlement Class and should be approved; (iv) the amount of fees and expenses that should be awarded to Lead Counsel; (v) the compensatory awards that should be granted to Plaintiffs; (vi) to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or

presented orally at the Final Approval Hearing by Settlement Class Members (or by counsel on their behalf), provided that they give proper notice that they intend to appear at the Final Approval Hearing; and (vii) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

7.      The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class. The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation, any application by Lead Counsel for an award of attorneys' fees and expenses, or any application by Plaintiffs for a compensatory award.

8.      **Approval of Form and Content of Notice** – The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action ("Long Form Notice"), the Summary Notice, and the Postcard Notice ("Postcard"), annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Postcard and publishing of the Summary Notice substantially in the manner and form set forth in ¶ 8 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notices practicable

under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

9.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain the BlockFi Wind-Down Debtors ("Claims Administrator"), under the oversight and control of the court-appointed Plan Administrator and Oversight Board, and with the assistance of firm Kroll Settlement Administration, to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    a.    Not later than _____, 20__, [twenty-one (21) calendar days after the Court signs and enters this Order] (the "Notice Date"), the Claims Administrator shall commence mailing the Postcard, substantially in the forms annexed hereto, by First-Class Mail to all potential Settlement Class Members who or which can be identified with reasonable effort, and shall post the Postcard on its website at www.blockfisecuritiessettlement.com.

    b.    Within twenty-one (21) calendar days of the entry of this Order, Lead Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Long Form Notice and Summary Notice to be posted on the Claims Administrator's website contemporaneously with the mailing of the Postcard Notice; and

c.      Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of Investor's Business Daily and once over the GlobeNewswire; and

d.      At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

11.     **Payment of the Settlement Fund** – On or before thirty (30) days after the later of: (i) entry of this Order, (ii) the approval by the Bankruptcy Court of the Bankruptcy Approval Motion and that approval becoming non-appealable, (iii) the provision by the Wind Down Debtors' counsel of all required funding information and Form W-9, (iv) the receipt of the name of a contact person with phone number who can verbally verify the payment instructions, and (v) verbal verification of the contact instructions by the contact provided (if that deadline falls on a weekend or holiday, the funds shall be due on the next business day), Defendants' Insurers shall cause Thirteen Million Two Hundred Fifty Thousand United States Dollars

(US$13,250,000.00) in cash to be paid to the Escrow Agent pursuant to ¶ 8 of the Stipulation.

12.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

13.     **Participation in the Settlement** – Settlement Class Members shall participate in the Settlement unless they elect to exclude themselves from the Settlement as set forth in ¶ 15 of this Order.

14.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Settlement Class.

15.     **Exclusion From the Settlement Class** – Any Person other than Plaintiffs falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail, or hand-delivered such that it is received by _____, 20__ [twenty one (21) calendar days before the date of the Final Approval Hearing]. A Request for Exclusion must be signed and state: (i) the name, BlockFi client ID number,

address, telephone number, and email address (if any) of the Person requesting exclusion; (ii) the Person's investments, deposits, other acquisitions of assets, sales, redemptions, withdrawals, or dispositions in BlockFi Interest-Bearing Accounts between January 1, 2019 to November 28, 2022, both dates inclusive, including the dates, the assets invested, deposited or otherwise acquired and price paid or received for each such investment, deposit, or acquisition; and (iii) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment. Unless otherwise ordered by the Court, any Person falling within the definition of the Settlement Class who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

16.    Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event not less than fourteen (14) calendar days prior to the Final Approval Hearing.

17.    The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

18.    **Appearance and Objections at Final Approval Hearing** – Any Settlement Class Member who or which does not submit a Request for Exclusion from the Settlement Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. Any Settlement Class Members who or which does not enter an appearance will be represented by Lead Counsel.

19.    Any Settlement Class Member other than Plaintiffs may file a written objection to the proposed Settlement and show cause, if he, she, or it has any cause, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be

entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the Plaintiffs, or why the compensatory award to Plaintiffs should or should not be approved; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are sent to Pomerantz LLP, Brian Calandra, 600 Third Avenue, 20th Floor, New York, New York 10016; Squitieri & Fearon, LLP, Lee Squitieri, 305 Broadway, 7th Floor, New York, New York 10007; Allen Overy Shearman Sterling US LLP, Dan Gold, The Link at Uptown, 2601 Olive St., 17th Floor, Dallas, TX 75201, received or hand-delivered on or before _____ __, 20__ [twenty one (21) calendar days before the date of the Final Approval Hearing], and said objections, papers, and briefs are sent to the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, NJ 07101, received on or before _____ __, 20__ [twenty one (21) calendar days before the date of the Final Approval Hearing].

20.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness,

reasonableness, or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for Plaintiffs or a compensatory award to Plaintiffs, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, the award of attorneys' fees and expenses to counsel for Plaintiffs, and/or the award of compensatory awards to Plaintiffs are required to indicate in their written objection their intention to appear at the Final Approval Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.

21.    Any objections, filings, and other submissions by the objecting Settlement Class Member must: (i) state the name, BlockFi client ID number, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iii) the Person's investments, deposits, other acquisition of assets, sales, redemptions, withdrawals, or dispositions in BlockFi Interest-Bearing Accounts between January 1, 2019 to November 28, 2022, both dates inclusive, including the

dates, the assets invested, deposited or otherwise acquired and price paid or received for each such investment, deposit, or acquisition; and (iv) the number of times the Settlement Class Member or their counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

22.     Lead Counsel and Defendants' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

23.     **<u>Supporting Papers</u>** – All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for Plaintiffs for attorneys' fees and expenses or by Plaintiffs for expenses shall be filed and served by _____ __, 20__ [thirty-five (35) calendar days prior to the Final Approval Hearing]. Replies to any objections shall be filed and served by _____ __, 20__ [seven (7) calendar days before the Final Approval Hearing].

24.     The Plan of Allocation and any application by counsel for Plaintiffs for attorneys' fees or expenses, or to Plaintiffs for compensatory awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses should be approved.

26.    **Use of this Order** – Neither this Order, nor the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be (a) offered against or construed as an admission or concession by any of the Defendants' Releasees as to the validity of any claims or as to the truth of any of the allegations in the Litigation, or in respect of any liability, fault, or wrongdoing of any kind, or the deficiency of any defense that has been or could have been asserted, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, arbitral, or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement..

27.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the

other Settlement Class Members and Defendants. The Parties shall revert to their respective pre-mediation positions in the Litigation, as provided in the Stipulation.

28.    In the event the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶ 11-12, 14, 29, or 34 of the Stipulation.

29.    **<u>Stay and Temporary Injunction</u>** – Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Parties. Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Settlement Class Member, either directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Releasees any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.


DATED: _____    _____

THE HONORABLE CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE

EXHIBIT A-1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE BLOCKFI, INC. SECURITIES LITIGATION | Case No. 2:23-cv-01165-CCC-LDW |
| THIS DOCUMENT RELATES TO: | ALL ACTIONS |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

If you invested, deposited, or otherwise acquired assets in BlockFi Interest-Bearing Accounts (including the products referred to as BlockFi Interest Accounts, BlockFi Private Yield, and the BlockFi Private Client program), issued by BlockFi, Inc. or any affiliated entities ("BlockFi" or the "Company") between January 1, 2019 to November 28, 2022, both dates inclusive (the "Settlement Class Period"), you could get a payment from a class action settlement ("Settlement").[1]

*A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Settlement Hearing on _____, 20__ at _____ to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide $13,250,000 gross (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, compensatory awards to Plaintiffs and administrative expenses, net of any taxes on interest (the "Net Settlement Amount"), to pay claims of investors who invested, deposited, or otherwise acquired assets in BlockFi Interest-Bearing Accounts during the Settlement Class Period.

- Holders of BlockFi Interest-Bearing Accounts are eligible to receive a *pro rata* distribution from the Net Settlement Fund based on the value of their BlockFi Interest-Bearing Accounts as of November 28, 2022, or the day BlockFi filed for bankruptcy, as determined by their allowed claim associated with such account in the BlockFi Chapter 11 proceedings. The amount of payment each Settlement Class Member receives depends on the aggregate values of BlockFi Interest-Bearing Accounts of all Settlement Class Members participating in the Settlement. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (see pages 12–13 below) or such other plan of allocation as may be ordered by the Court.

- To claim your share of the Settlement, you do not need to take any action.

- You may exclude yourself or "opt out" of the Settlement, as described in Item 13 below, by _____, 20__, and retain any legal claims you may have against Defendants. **Note, however, that certain releases in favor of Defendants and other Releasees have previously occurred**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated February 3, 2025 ("Stipulation"), which is available at www.blockfisecuritiessettlement.com.

**in connection with BlockFi's bankruptcy. Excluding yourself in this case will have no impact on any release of your claims against Defendants and other Releasees that may have already occurred in connection with BlockFi's bankruptcy if you did not exclude yourself from those releases. Participating in or excluding yourself from the settlement in this case also will neither increase nor decrease any recovery you may be entitled to receive in connection with BlockFi's bankruptcy.**

- Attorneys for Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees and expenses not to exceed $2.7 million, or 20.4% percent of the Settlement Amount, inclusive of litigation expenses and compensatory awards to Plaintiffs, plus interest. Since the Litigation's inception, Lead Counsel have expended considerable time and effort in this litigation on a contingent-fee basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The Settlement resolves the Litigation concerning Plaintiffs' allegations that Zachary Prince, Flori Marquez, Tony Lauro, Jennifer Hill, Amit Cheela, David Olsson, and Samia Bayou (collectively, "Defendants") violated federal securities laws by allegedly issuing BlockFi Interest Accounts ("BIAs") without registering them as securities; and/or making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, *inter alia*: (1) the equivalence of BIAs to federally insured bank accounts; (2) whether cryptocurrency in "BlockFi Wallets" would transfer to BlockFi; (3) that BlockFi would not "concentrate" investments; (4) that loans or pledges of crypto assets were to safe institutional counterparties; and (5) the importance of risk management to BlockFi. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Litigation. Defendants continue to believe the claims asserted against them in the Litigation are without merit.

- The parties disagree on how much money, if any, could have been won if the investors won at trial in the Litigation.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to pursue claims against Defendants and any other Releasees. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You do not need to do anything to receive a payment from the Net Settlement Fund. If the Claims Administrator determines that you are a member of the Settlement Class and eligible to receive a distribution from the Net Settlement Fund, you will automatically receive a distribution from the Net Settlement Fund unless you exclude yourself from the Settlement. If you do nothing, your claims against Defendants and other Releasees, if any, will be released. |

| | |
|---|---|
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that potentially allows you to ever be part of any other lawsuit against the Defendants or any other Releasees about the legal claims that were or could have been asserted in this case. **Note, however, that certain releases in favor of Defendants and other Releasees have previously occurred in connection with BlockFi's bankruptcy. Excluding yourself in this case will have no impact on any release of your claims against Defendants and other Releasees that may have already occurred in connection with BlockFi's bankruptcy if you did not exclude yourself from those releases. Participating in or excluding yourself from the settlement in this case also will neither increase nor decrease any recovery you may be entitled to receive in connection with BlockFi's bankruptcy.** Requests for Exclusion must be received by _____, 20__. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by counsel by _____, 20__. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by counsel by _____, 20_____. The Settlement Hearing is set for _____, 202__. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| Blockfi Securities Settlement<br>c/o Kroll Settlement Administration<br>PO Box 225391<br>New York, NY 10150-5391<br><br>T: 1-833-876-2075<br>info@blockfisecuritiessettlement.com | or | Brian Calandra<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>Email: bcalandra@pomlaw.com<br><br>SQUITIERI & FEARON, LLP<br>Lee Squitieri<br>305 Broadway, 7th Floor<br>New York, New York 10007<br>Telephone: (212) 421-6492<br>lee@sfclasslaw.com |

EXHIBIT A-1

## BASIC INFORMATION CONCERNING THE SETTLEMENT

| 1. | **Why did I get this notice package?** |
|---|---|

You or someone in your family may have invested, deposited, or otherwise acquired assets in BlockFi Interest-Bearing Accounts between January 1, 2019 and November 28, 2022, both dates inclusive (the "Settlement Class Period").

| 2. | **What is this settlement about?** |
|---|---|

This settlement resolves the case known as *In re BlockFi Inc. Securities Litigation*, No. 2:23-cv-01165-CCC-LDW (D.N.J.). The Court in charge of the case is the United States District Court for the District of New Jersey. The Litigation involves allegations that Defendants violated provisions of the Securities Act of 1933 ("Securities Act") federal securities laws by issuing BIAs without registering them as securities. The Litigation further involves allegations that Defendants violated provisions of the Securities Exchange Act of 1934 ("Exchange Act") by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, inter alia: (1) the equivalence of BIAs to federally insured bank accounts; (2) whether cryptocurrency in "BlockFi Wallets" would transfer to BlockFi; (3) that BlockFi would not "concentrate" investments; (4) that loans or pledges of crypto assets were to safe institutional counterparties; and (5) the importance of risk management to BlockFi. The Class Action Complaint ("Complaint") alleges that the misstatements or omissions artificially inflated the prices of BIAs, whose value dropped in response to certain subsequent disclosures. Defendants have denied each of these allegations, and continue to deny each, any, and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Litigation. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of Defendants or any of the Releasees, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Litigation, as well as certain other claims or potential claims, whether known or unknown.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |
|---|---|

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or damages, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Defendants disagree include: (1) whether BIAs are securities under the Securities Act; (2) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (3) whether Defendants had a duty to disclose the allegedly omitted information; (4) whether the Defendants acted with scienter; (5) whether the alleged disclosures were corrective disclosures; (6) the causes of the loss in the value of the alleged securities; and (7) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the uncertainty about whether they will be able to proceed with their claims in light of BlockFi's bankruptcy, which requires approval by the bankruptcy court to assert claims against Defendants. Further, there is uncertainty about whether Plaintiffs and Lead Counsel will be able to prove that BIAs are securities, that any challenged statement was false or misleading, or that the alleged misstatements and omissions actually caused the Settlement Class any damages and the amount of damages, if any.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| **5.     How do I know if I am part of the Settlement?** |
| --- |

The Settlement Class includes all persons or entities, except those who are excluded as described below, who invested, deposited, or otherwise acquired assets in BlockFi Interest-Bearing Accounts between January 1, 2019 and November 28, 2022, both dates inclusive ("Settlement Class Period") and were injured thereby.

If one of your mutual funds invested, deposited, or otherwise acquired assets in a BlockFi Interest-Bearing Account, that alone does not make you a Settlement Class Member. Also, if you redeemed, cashed out, or closed a BlockFi Interest-Bearing Account during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly invested, deposited, or otherwise acquired assets in BlockFi Interest-Bearing Accounts during the Settlement Class Period.

| **6.     Are there exceptions to being included?** |
| --- |

Yes. Excluded from the Settlement Class are (i) Defendants, the officers and directors of BlockFi, at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest; (ii) Opt-Outs, *i.e.*, those Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth below; and (iii) Persons who have no compensable damages.

| **7.     What if I am still not sure if I am included?** |
| --- |

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-833-876-2075 or at info@blockfisecuritiessettlement.com or by visiting the website www.blockfisecuritiessettlement.com.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

The proposed Settlement provides for Defendants' Insurers to pay $13,250,000 into a settlement fund ("Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees (inclusive of litigation expenses to Lead Counsel and compensatory awards to Plaintiffs), with interest. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing postcards providing notice to potential Settlement Class Members and of publishing notice, not to exceed $100,000. After the foregoing deductions from the Settlement Fund have been made, the amount remaining ("Net Settlement Fund") will be distributed to Settlement Class Members eligible to receive payments from the Net Settlement Fund according to the Plan of Allocation to be approved by the Court ("Authorized Claimants").

| 9. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on multiple factors, including: (i) the value of your BlockFi Interest-Bearing Accounts as of November 28, 2022, as determined by your allowed claim in the BlockFi Chapter 11 proceedings; (ii) the total value of BlockFi Interest Bearing Accounts of Settlement Class Members participating in the Settlement; (iii) the amount of administrative costs, including the costs of notice (not to exceed $100,000); and (iv) the amount awarded by the Court to Lead Counsel for attorneys' fees, inclusive of costs and expenses, and compensatory awards to Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon the value of each Settlement Class Member's BlockFi Interest-Bearing Accounts as of November 28, 2022, *i.e.*, the date BlockFi filed for bankruptcy ("Pro Rata Share"), as determined by each Settlement Class Member's allowed claim in the BlockFi Chapter 11 proceedings associated with their eligible account(s). The Pro Rata Share formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims. The Pro Rata Share formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial.

## HOW YOU GET A PAYMENT

| 10. | How can I get a payment? |
|---|---|

You do not need to do anything to qualify for a payment. The Claims Administrator will review BlockFi's records of allowed claims associated with BlockFi Interest-Bearing Accounts and determine whether you are an Authorized Claimant and the amount of your Pro Rata Share.

| 11. | When would I get my payment? |
|---|---|

The Court will hold a Final Approval Hearing on _____, 20__ at _____ to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Pro Rata Shares to be processed. Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Settlement Class?** |
|---|---|

Unless you exclude yourself from the Settlement Class by the _____, 20__ deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Releasees if the Settlement is approved. That means you, Plaintiffs, and all other Settlement Class Members (or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such) will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Releasees any and all claims arise out of or are based upon, in any way, directly or indirectly, any investment, deposit of assets or any other relationship with BlockFi. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the investment, deposit, or other acquisition of assets in BlockFi Interest-Bearing Accounts during the Settlement Class Period. The specific terms of the release are included in the Settlement Stipulation. **Note, however, that certain releases in favor of Defendants and other Releasees have previously occurred in connection with BlockFi's bankruptcy. Whether you remain in the Settlement Class or exclude yourself in this case will have no impact on any release of your claims against Defendants and other Releasees that may have already occurred in connection with BlockFi's bankruptcy if you did not exclude yourself from those releases. Participating in or excluding yourself from the settlement in this case also will neither increase nor decrease any recovery you may be entitled to receive in connection with BlockFi's bankruptcy.**

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 13. | **How do I get out of the proposed Settlement?** |
|---|---|

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Releasees on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself, or "opting out," from the Settlement. **Note, however, that certain releases in favor of Defendants and other Releasees have previously occurred in connection with BlockFi's bankruptcy. Whether you remain in the Settlement Class or exclude yourself in this case will have no impact on any release of your claims against Defendants and other Releasees that may have already occurred in connection with BlockFi's bankruptcy if you did not exclude yourself from those releases. Participating in or excluding yourself from the settlement in this case also will neither increase nor decrease any recovery you may be entitled to receive in connection with BlockFi's bankruptcy.**

To exclude yourself from the Settlement, you must mail a letter stating that you "request exclusion from the Settlement Class in *In re BlockFi Inc. Securities Litigation*, No. 2:23-cv-01165-CCC-LDW (D.N.J.)." To be valid, the letter must state (A) your name, BlockFi client ID number, address, telephone number, and e-mail address (if any); (B) the dates and dollar amounts of all investments, deposits, acquisitions, sales, redemptions, withdrawals, or dispositions in BlockFi Interest-Bearing Accounts during the Settlement Class Period; and (C) the contents and value of your BlockFi Interest-Bearing Account as of November 28, 2022. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each investment, deposit, acquisition, sale, redemption, withdrawal, or disposition in BlockFi Interest-Bearing Accounts

during the Settlement Class Period and (ii) demonstrating your status as a beneficial owner of the BlockFi Interest-Bearing Account. Any request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must submit your exclusion request so that it is **received no later than _____, 20__ at**:

Blockfi Securities Settlement
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391
T: 1-833-876-2075
Email: info@blockfisecuritiessettlement.com

You cannot exclude yourself by telephone or by e-mail. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

| **14.** | **If I do not exclude myself, can I sue the Defendants or the other Releasees for the same thing later?** |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Releasees for the claims being released in this Settlement. If you have a pending lawsuit against the Releasees or related to any Released Claims, speak to your lawyer immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. **Note, however, that certain releases in favor of Defendants and other Releasees have previously occurred in connection with BlockFi's bankruptcy. Whether you remain in the Settlement Class or exclude yourself in this case will have no impact on any release of your claims against Defendants and other Releasees that may have already occurred in connection with BlockFi's bankruptcy if you did not exclude yourself from those releases. Participating in or excluding yourself from the settlement in this case also will neither increase nor decrease any recovery you may be entitled to receive in connection with BlockFi's bankruptcy.** Remember, the exclusion deadline is **_____, 20__.**

| **15.** | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you will not receive a Pro Rata Share.

**THE LAWYERS REPRESENTING YOU**

| **16.** | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed Pomerantz LLP and Squitieri & Fearon LLP as Lead Counsel to the Class, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP and Squitieri & Fearon LLP are provided above.

| **17.** | **How will the lawyers be paid?** |
|---|---|

Lead Counsel have expended considerable time litigating this Action on a contingent-fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will

receive an award of attorneys' fees (inclusive of their litigation expenses and awards for Plaintiffs) from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion at the Settlement Hearing asking the Court for an award of attorneys' fees in an amount not greater than $2.7 million, or 20.4% of the Settlement Fund, for their work in this Action, reimbursement of litigation expenses, and compensatory awards to Plaintiffs. The Court may award less than this amounts. Any amount awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 18. | **How do I tell the Court that I object to the proposed Settlement?** |
| --- | --- |

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for a compensatory award to Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement in *In re BlockFi Inc. Securities Litigation*, No. 2:23-cv-01165-CCC-LDW (D.N.J.). Be sure to include (1) your name, BlockFi client ID number, address, telephone number, and your signature; (2) sufficient documentation of the dates and dollar amounts of all investments, deposits, acquisitions, sales, redemptions, withdrawals, or dispositions in BlockFi Interest-Bearing Accounts during the Settlement Class Period, in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case and the identity of each case, by name, court and docket number.

If you object to either the Settlement or the requested attorneys fees, you subject yourself to the jurisdiction of the District Court in this matter and consent to being deposed in your district of residence and producing in advance of a deposition any responsive documents to a discovery request prior to the Settlement Hearing.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing must indicate in their written objection that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.

Be sure to mail or deliver copies of any objections, papers and briefs to **each** of the addresses listed below such that they are **received no later than _____, 20__:**

EXHIBIT A-1

| Clerk of the Court | Lead Counsel | Counsel For Defendants |
|---|---|---|
| Martin Luther King Building & U.S. Courthouse 50 Walnut Street Room 4015 Newark, NJ 07101 973-645-3730 | Brian Calandra POMERANTZ LLP 600 Third Avenue, Floor 20 New York, New York 10016 Telephone: (212) 661-1100 Facsimile: (917) 463-1044 Email: bcalandra@pomlaw.com<br><br>Lee Squitieri SQUITIERI & FEARON, LLP 305 Broadway, 7th Floor New York, New York 10007 Telephone: (212) 421-6492 lee@sfclasslaw.com | Dan Gold ALLEN OVERY SHEARMAN STERLING US LLP The Link at Uptown 2601 Olive St., 17th Floor Dallas, TX 75201 Telephone: 214-271-5821 Dan.Gold@shearman.com |

**19.    What is the difference between objecting and excluding myself?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

**20.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a hearing in this case on _____, 2025 at _____ p.m. at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom 5B, Newark, NJ 07101.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided in the Settlement Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Lead Counsel for attorneys' fees (inclusive of expenses and a compensatory award to Plaintiffs for service to the Settlement Class).

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Final Approval Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

EXHIBIT A-1

| 21. | **Do I have to come to the hearing?** |
|---|---|

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *In re BlockFi Inc. Securities Litigation*, No. 2:23-cv-01165-CCC-LDW (D.N.J.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Settlement Hearing, must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

### IF YOU DO NOTHING

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, and the Claims Administrator determines that you are eligible to receive a Pro Rata Share of the Net Settlement Fund, you will receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Releasees about the Released Claims (as defined in the Settlement Stipulation) ever again. **Note, however, that certain releases in favor of Defendants and other Releasees have previously occurred in connection with BlockFi's bankruptcy. Whether you remain in the Settlement Class or exclude yourself in this case will have no impact on any release of your claims against Defendants and other Releasees that may have already occurred in connection with BlockFi's bankruptcy if you did not exclude yourself from those releases. Participating in or excluding yourself from the settlement in this case also will neither increase nor decrease any recovery you may be entitled to receive in connection with BlockFi's bankruptcy.**

### GETTING MORE INFORMATION

| 24. | **Are there more details about the proposed Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Settlement Stipulation. The Settlement Stipulation is the controlling document describing the proposed Settlement, and its terms govern anything to the contrary in this Notice. You can get a copy of the Settlement Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting www.blockfisecuritiessettlement.com or by contacting the Claims Administrator toll-free at 1-833-876-2075.

| 25. | **How do I get more information?** |
|---|---|

For even more detailed information concerning the matters involved in this Action, see the Settlement Stipulation, the pleadings in the Litigation, the papers filed in support of the Settlement, and the orders entered by the Court, which will be posted on the settlement website www.blockfisecuritiessettlement.com. For a fee, all papers filed in this Action are also available at www.pacer.gov.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on the respective values of their BlockFi Interest Bearing Accounts as of November 28, 2022, *i.e.*, the date on which BlockFi filed for bankruptcy, as determined by their allowed claims associated with such accounts in the BlockFi Chapter 11 proceedings. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Pro Rata Share formula described below.

A Pro Rata Share will be calculated for each BlockFi Interest Bearing Account by dividing the value of an individual BlockFi Interest Bearing Account as of November 28, 2022, as determined by the allowed claim associated with such account in the BlockFi Chapter 11 proceedings, by the total value of all BlockFi Interest-Bearing Accounts participating in the Settlement and multiplying the resulting percentage by the Net Settlement Fund to determine that account's proportionate share of the Net Settlement Fund (*i.e.*, [Value of BlockFi Interest-Bearing Account as of November 28, 2022] / [Value of all BlockFi Interest-Bearing Accounts Participating in the Settlement] x 13,250,000. The Pro Rata Share is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial. The Pro Rata Share is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation reflects the assumption that the value of BlockFi Interest-Bearing Accounts was artificially inflated throughout the Settlement Class Period.

The U.S. federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the BlockFi Interest-Bearing Accounts. In this Action, Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period, which had the purported effect of artificially inflating the values of BlockFi Interest-Bearing Accounts. Plaintiff further alleges that corrective disclosures removed artificial inflation from the price of BlockFi Interest-Bearing Accounts on November 28, 2022 (the "Corrective Disclosure Date"). Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, with respect to BlockFi Interest-Bearing Accounts, the investment, deposit, or other asset acquisition must have been held through the Corrective Disclosure Date.

## PAYMENT OF PRO RATA SHARES

The Claims Administrator shall distribute funds in dollars or USDC stablecoin in a manner similar to or identical to the payment of the final distribution in the BlockFi Chapter 11 proceedings. The

Claims Administrator shall distribute funds to claimants through (a) if practicable, via a USDC transfer to a "matching" Coinbase account if such account was successfully "matched" through the distribution process in BlockFi's Chapter 11 proceedings; or (b) a cash distribution through Digital Disbursements (which will send each class member an email offering a selection of methods to receive a cash distribution) or another similar third party cash distribution provider. If a claimant does not have a "matching" Coinbase account and does not respond to the Digital Disbursements email, the Claims Administrator will attempt payment via the method that, based on nationality, the Claims Administrator believes is most likely collectable which may include (i) a Zelle payment; or (ii) a check mailed to the mailing address on file.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your *pro rata* proportionate share of the Net Settlement Fund. Such payment will depend on the total value of BlockFi Interest Bearing Accounts that are participating in the Settlement.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Pro Rata Share will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on the value of his, her, or its BlockFi Interest Bearing Account[s], as determined by the allowed claim associated with such account(s) in the BlockFi Chapter 11 proceedings, as compared to the total value of the BlockFi Interest Bearing Accounts of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Pro Rata Share. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Releasees will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

EXHIBIT A-1

DATED: _____            _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF
NEW JERSEY

EXHIBIT A-2

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE BLOCKFI, INC. SECURITIES LITIGATION | Case No. 2:23-cv-01165-CCC-LDW |
| THIS DOCUMENT RELATES TO: | ALL ACTIONS |

## SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING

To:     **ALL PERSONS WHO INVESTED, DEPOSITED, OR OTHERWISE ACQUIRED ASSETS IN BLOCKFI INTEREST-BEARING ACCOUNTS BETWEEN JANUARY 1, 2019, AND NOVEMBER 28, 2022, BOTH DATES INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of New Jersey that a hearing will be held on _____, 20__, at __:__ _.m. before the Honorable Claire C. Cecchi, U.S.D.J., United States District Judge of the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom 5B, Newark, NJ 07101, for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $13,250,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees (inclusive of reimbursement of expenses and a compensatory award to Lead Plaintiffs) should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement dated February 3, 2025 (the "Settlement Stipulation").

If you invested, deposited, or otherwise acquired assets in BlockFi Interest-Bearing Accounts between January 1, 2019 to November 28, 2022, both dates inclusive (the "Settlement

1

Class Period"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your interest in BlockFi Interest-Bearing Accounts. If you have not received a detailed Notice of Proposed Settlement of Class Action ("Notice"), you may obtain a copy by visiting www.blockfisecuritiessettlement.com or by contacting the Claims Administrator toll-free at 1-833-876-2075 or at info@blockfisecuritiessettlement.com. If you are a member of the Settlement Class, you do not need to take any action in order to share in the distribution of the Net Settlement Fund. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than _____ __, 20__, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation. Note, however, that certain releases in favor of Defendants and other Releasees have previously occurred in connection with BlockFi's bankruptcy. Whether you remain in the Settlement Class or exclude yourself in this case will have no impact on any release of your claims against Defendants and other Releasees that may have already occurred in connection with BlockFi's bankruptcy if you did not exclude yourself from those releases. Participating in or excluding yourself from the settlement in this case also will neither increase nor decrease any recovery you may be entitled to receive in connection with BlockFi's bankruptcy.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and award to Lead Plaintiff must be in the manner and form explained in the detailed Notice and received no later than _____ __, 20__, to each of the following:

Exhibit A-2

| Clerk of the Court | Lead Counsel | Counsel For Defendants |
|---|---|---|
| Martin Luther King Building & U.S. Courthouse 50 Walnut Street Room 4015 Newark, NJ 07101 973-645-3730 | Brian Calandra POMERANTZ LLP 600 Third Avenue, Floor 20 New York, New York 10016 Telephone: (212) 661-1100 Facsimile: (917) 463-1044 Email: bcalandra@pomlaw.com<br><br>Lee Squitieri SQUITIERI & FEARON, LLP 305 Broadway, 7th Floor New York, New York 10007 Telephone: (212) 421-6492 lee@sfclasslaw.com | Dan Gold ALLEN OVERY SHEARMAN STERLING US LLP The Link at Uptown 2601 Olive St., 17th Floor Dallas, TX 75201 Telephone: 214-271-5821 Dan.Gold@shearman.com |

If you have any questions about the Settlement, you may visit www.blockfisecuritiessettlement.com or write to Lead Counsel at the above address or call Lead Counsel at the telephone numbers listed above.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: _____, 20__          _____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

*In re BlockFi, Inc. Securities Litigation*
Case No. 2:23-cv-01165-CCC-LDW
Case Pending in U.S. District Court
for District of New Jersey

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment. This Notice may affect your legal rights.*

*Please read it carefully.*

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*In re BlockFi, Inc. Securities Litigation, Case No. 2:23-cv-01165-CCC-CLW (D.N.J.)*

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*VISIT WWW.BLOCKFISECURITIESSETTLEMENT.COM FOR MORE INFORMATION.*

The U.S. District Court for the District of New Jersey (the "Court") has preliminarily approved a proposed Settlement of claims against Zachary Prince, Flori Marquez, Tony Lauro, Jennifer Hill, Amit Cheela, David Olsson, and Samia Bayou (collectively, "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that Defendants issued securities concerning BlockFi, Inc. ("BlockFi") and/or made false and/or misleading misstatements and/or omissions concerning BlockFi's business operations. Defendants deny the allegations.

You received this notice because you may have invested, deposited, or otherwise acquired assets in BlockFi Interest-Bearing Accounts between January 1, 2019, and November 28, 2022, inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for dismissal and release of claims against Defendants, a fund consisting of $13,250,000, less up to $2,700,000 in attorneys' fees (which includes litigation expenses and compensatory awards to lead plaintiffs) (the "Net Settlement Fund"), will be divided among Settlement Class Members who do not opt out of the settlement. A participating Settlement Class Member's recovery will be that Settlement Class Member's *pro rata* share of the Net Settlement Fund based on the value of the Settlement Class Member's BlockFi Interest Bearing Account as of November 28, 2022, the date BlockFi filed for bankruptcy. The actual amount disbursed to members of the Settlement Class who participate in the Settlement will depend on the number of participating Settlement Class Members and the values of those accounts as of November 28, 2022. Plaintiffs and Defendants disagree as to the amount that would be recoverable if Plaintiffs prevailed on each claim. Plaintiffs believe that the proposed Settlement is fair, reasonable and in the best interests of the Settlement Class considering the strengths and weaknesses of the claims, the uncertainties of complex litigation, and the concrete benefits provided by the Settlement. Defendants have agreed to settle to avoid the continuing burden and expense of this Action. For a full description of the Settlement and your rights, please review the Stipulation of Settlement and obtain a copy of the Long Form Notice ("Notice") by visiting the website: www.blockfisecuritiessettlement.com (the "Website"). You may request copies of the Notice by: (1) mail: Blockfi Securities Settlement, c/o Kroll Settlement Administration, PO Box 225391, New York, NY 10150-5391; or (2) email: info@blockfisecuritiessettlement.com.

You do not need to do anything to qualify for payment: BlockFi's records, including allowed claims in its Chapter 11 proceedings, will be used to identify eligible claimants. If you do not want to be legally bound by the Settlement, you must exclude yourself by ____, 2025. If you exclude yourself, you cannot get money from the Settlement. If you stay in the Settlement, you may object to it by ____, 2025. The Notice explains how to exclude yourself or object.

The Court will hold a hearing in this case on _____, 2025 at ____ p.m. at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom 5B, Newark, NJ 07101, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for no more than $2,700,000 of the Settlement Fund for their fees, expenses, and compensatory awards to lead plaintiffs. Lead Counsel are Brian Calandra of Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100, and Lee Squitieri of Squitieri & Fearon, LLP, 305 Broadway, 7th Floor, New York, NY 10007, (212) 421-6492. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE BLOCKFI, INC. SECURITIES LITIGATION | Case No. 2:23-cv-01165-CCC-LDW |
| THIS DOCUMENT RELATES TO: | ALL ACTIONS |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a consolidated securities class action is pending before this Court entitled *In re BlockFi Inc. Securities Litigation*, No. 2:23-cv-01165-CCC-LDW (D.N.J.) ("Litigation");

WHEREAS, (a) Pham Duy Anh, Dang; Trey Greene; Arman Reyes; and Cameron Wyatt (collectively, "Plaintiffs"), through Lead Counsel,[1] on behalf of themselves and the Settlement Class, and (b) defendants Zachary Prince, Flori Marquez, Tony Lauro, Jennifer Hill, Amit Cheela, David Olsson, and Samia Bayou (collectively, "Defendants," and together with Plaintiffs, the "Parties"), have determined to fully, finally, and forever compromise, settle, release, resolve, relinquish, waive and discharge each and every Released Claim against each of the Defendants and Releasees on the terms and conditions set forth in the Stipulation of Settlement dated February 3, 2025 ("Stipulation") subject to approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 20__ ("Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that

---

[1] "Lead Counsel" means the law firms of Pomerantz LLP and Squitieri & Fearon, LLP, or their respective successors.

notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 20__ (the "Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    **Incorporation of Settlement Documents** – This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation annexed as Exhibit 1 hereto, unless otherwise set forth herein.

2.    **Jurisdiction** – This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3.    **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the "Settlement Class" consisting of all Persons or entities who invested, deposited, or otherwise acquired assets in BlockFi Interest-Bearing Accounts[2] between January 1, 2019 to November 28, 2022, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants, the officers and directors of BlockFi, at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are the Persons or entities who properly excluded themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court, who are listed on Exhibit 2 to this Final Judgment and Order.

---

[2] "BlockFi Interest-Bearing Accounts" means BlockFi interest-bearing accounts (including the products referred to as BlockFi Interest Accounts, BlockFi Private Yield, and the BlockFi Private Client program).

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Litigation and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)    the Stipulation and the Settlement described therein, are in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)    the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to adequately evaluate and consider their positions.

6.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Litigation and all claims contained therein, as well as all

of the Released Claims, are dismissed with prejudice as against Defendants and the

Releasees. The Parties are to bear their own costs, except as otherwise provided in

the Settlement Stipulation.

7.    The finality of this Final Judgment and Order shall not be affected, in

any manner, by rulings that the Court may make on Lead Counsel's application for

an award of attorneys' fees and expenses or awards to Plaintiffs.

8.    **<u>Notice</u>** – In accordance with the Court's Preliminary Approval Order,

the Court hereby finds that the forms and methods of notifying the Settlement Class

of the Settlement and its terms and conditions met the requirements of due process,

Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the

Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities

Litigation Reform Act of 1995; constituted the best notice practicable under the

circumstances; and constituted due and sufficient notice of these proceedings and

the matters set forth herein, including the Settlement and Plan of Allocation, to all

persons and entities entitled to such notice. No Settlement Class Member is relieved

from the terms and conditions of the Settlement, including the releases provided for

in the Settlement Stipulation, based upon the contention or proof that such

Settlement Class Member failed to receive actual or adequate notice. A full

opportunity has been offered to the Settlement Class Members to object to the

proposed Settlement and to participate in the hearing thereon. The Court further

finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment and Order except those persons listed on Exhibit 2 to this Final Judgment and Order.

9.    **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

10.    **Releases** – Upon the Effective Date, Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

11.    Upon the Effective Date, all Settlement Class Members, and anyone claiming through or on behalf of any of them, will be permanently and forever barred and enjoined from, and shall be deemed to permanently covenant to refrain from, commencing, instituting, prosecuting, or continuing to prosecute any action or other

proceeding in any capacity in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Released Claims against any of the Releasees.

12.    Upon the Effective Date, each of the Releasees shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Lead Counsel from all of Released Defendants' Claims. Claims to enforce the terms of the Stipulation are not released.

13.    The Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

14.    **No Admissions** – Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any of Defendants or any of Defendants' Releasees; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants or any of Defendants' Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (iii) is or may be deemed to be or may be used as an admission, or evidence, that any claim asserted by Plaintiffs was not valid in any civil, criminal or

administrative proceeding in any court, administrative agency, or other tribunal or (iv) is or may be deemed to be or may be used as an admission of, or evidence of, the appropriateness of treating the Litigation as a class action for any other purpose than the Settlement. Defendants and/or Defendants' Releasees may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (iv) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

16.     **Rule 11 Findings** – The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     **Attorney's Fees** – Lead Counsel is awarded attorneys' fees and expenses in the amount of $ _____, plus any applicable interest, such

amounts to be paid out of the Settlement Fund immediately following entry of this Order.

18.    **Plaintiffs' Awards** – Plaintiffs are each awarded $_____, as a Compensatory Award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the award of attorneys' fees as set forth in Section 17 of this Stipulation within fourteen (14) business days of Lead Counsel's receipt of attorneys' fees from the Settlement Fund.

19.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, Defendants, and Defendants' Releasees, and the Parties shall revert to their respective pre-mediation positions in the Litigation, as provided in the Stipulation.

20.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent

with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action resolving all claims against all parties. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.


IT IS SO ORDERED.


DATED: _____    _____
                                                      THE HONORABLE CLAIRE C. CECCHI
                                                      UNITED STATES DISTRICT JUDGE